This is a divorce case. The issue as raised by the husband's appeal is whether the trial court abused its discretion in dividing the property of the parties.
 The trial court awarded to the husband certain bank accounts, notes, and debts which had an aggregate value of about $51,000. In addition, the husband has reasonable expectations of vested retirement income which shall amount to approximately $570 per month after he works for five more years.
 The wife received accounts totaling $5,000, a commercial sewing business worth about $8,000 which is located in the basement of their home, and the jointly-owned home of the parties with the wife being required to assume and pay the mortgage against it.
They purchased the home seven years ago for $60,000, and they are joint tenants with right of survivorship. They paid $30,000 in cash towards the purchase price and financed the remaining $30,000. The $30,000 down payment was accumulated from three sources: $15,000 from their equity in their previous home, $10,000 from their profit from an investment made on their behalf by the wife, and $5,000 from their joint savings, which came from the incomes of both parties. They have made $16,000 *Page 854 
in improvements to the property. The home has an appraised value of $74,000 according to the wife, who does some professional real estate appraisals. The husband's estimate as to its worth was $90,000.
 The parties married in 1973 and had no children by this marriage. The husband is forty-five years of age and the wife is two years younger. He is an electrician and has worked in Alaska for several years. His annual average income over the past three years was $58,000. The wife had worked previously as a real estate salesperson but now devotes almost full time to her commercial sewing business which has not been established long enough to be presently profitable.
 Since the trial was conducted before the circuit court, its judgment is presumed to be factually correct and will not be set aside on appeal unless it was so unsupported by the evidence as to be palpably wrong. While a division of property through a divorce judgment does not have to be equal, it must be equitable. In a divorce case the division of property is an issue which rests within the discretion of the trial court, whose decision thereon will not be altered on appeal unless that discretion was clearly abused. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App. 1986).
 After a thorough consideration of all of the evidence and the enlightening briefs of able counsel, we find that the division of property as made by the learned trial court was equitable, that the evidence supported the holding, that the trial court did not abuse its discretion as to the matter, and that the trial court was not palpably wrong. Accordingly, the final judgment of the trial court is affirmed.
 The wife's motion to dismiss this appeal as being frivolous is denied.
 The husband shall pay $500 to the wife's attorneys as an attorneys' fee in this court on this appeal.
 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.