INGRAM, Presiding Judge.
Following an ore tenus proceeding, the Circuit Court of Mobile County entered a final divorce decree and ordered a division of the parties’ property. The husband appeals, contending that the trial court abused its discretion in dividing the property of the parties.
The record reflects that the parties were married for approximately 36 years. The wife is 54, and the husband is 55. Both are in good health. The wife, however, complains of osteoporosis and “heat sensitivity.” The parties have two children, a 35-year-old son and a 30-year-old daughter. The wife worked shift-work at a paper company for a period of 20 years during the marriage. She had not been employed for 10 years prior to the divorce. The wife has a real estate license and has completed one year of a two-year paralegal course. The husband has held a position with the same company for approximately 34 years. The wife presented evidence that the husband engaged in an extramarital affair prior to the divorce. The husband acknowledged the affair: The divorce, however, was granted on the grounds of incompatibility.
The trial court awarded the wife the unencumbered marital home and 30 adjoining acres. The conflicting evidence concerning the value of the property ranged from .$200,000 to $350,000. The wife was also awarded $88,000 in certificates of deposit. The husband was awarded 51 acres of woodland, with a conflicting value of $20,-000 to $32,000, some commercial property, with a conflicting value of $20,000 to $30,-000, and a houseboat valued at $30,000. The husband was awarded $50,000 in certificates of deposit. The remainder of the marital estate consisted primarily of liquid *363 assets, which were divided equally between the parties. The wife was also awarded $250 per month in periodic alimony.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, but only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988); Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974). Factors to be considered in the division of property are the future prospects of the parties, their sex, age, health, station in life, length of marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the distribution of the marital property. The trial court’s judgment as to the division of property is affirmed.
The wife’s request for attorney’s fees for representation on appeal is granted in the amount of $600.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.