L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding, the Circuit Court of Coffee County entered a final divorce decree dividing the parties’ marital assets. The husband appeals, contending that the trial court’s division of the marital assets was unreasonable and inequitable and therefore was an abuse of its discretion.
The record reflects that the parties were married for approximately 40 years. The wife is 59, and the husband is 63. The parties have three grown children, with the youngest being 30 years of age.
The wife has a college degree and a graduate degree in the field of psychology and sociology. She earned these degrees while married to the husband. The wife was not employed during much of the marriage. Upon completion of her undergraduate degree in 1979, she began working for Wiregrass Mental Health Center. She was employed by the center until September 1982, at which time she became disabled due to an automobile accident. The wife sustained an injury to her brain as a result of the accident. An out-of-court settlement was reached. The wife received a substantial lump sum up front, plus $3,500 per month for the rest of her life. The husband received a settlement of $50,000. The wife has approximately $143,000 in bonds, $25,000 in stocks, and $10,000 in another account.
The husband completed the sixth grade and earned a high school equivalency degree. He served in the military for approximately 28 years before retiring. Thereafter, he was employed as a civil servant repairing heavy equipment. He is retired from the civil service. He receives approximately $2,000 per month in military retirement, $288 per month in civil service retirement, and $428 per month in Social Security benefits. He has an IRA account with an estimated value of $13,000. The husband testified that he suffers from hypertension, hearing problems, skin cancer, and prostate trouble.
The parties’ marital home is valued at $86,500. The outstanding mortgage on the home is approximately $14,800. They own a parcel of property in Enterprise, Alabama valued at $5,000 and a parcel of property in Houston County, Alabama valued at $8,000. The parties own a vacation home in Florida valued at $46,500. The husband bought this property with the money he received from the settlement. They also own two cemetery lots valued at $3,000.
The court awarded the wife one-tenth of the husband’s military retirement and all accompanying benefits. It ordered that all of the real estate be sold at public auction, with the husband to receive 60% of the proceeds and the wife to receive 40% of the proceeds. The court ordered that all nego *128 tiable instruments held jointly by the parties be equally divided and that their separate accounts remain unchanged. It further divided personal property not pertinent to this appeal.
The husband asserts that the trial court’s division of the marital assets is unreasonable and inequitable and is therefore an abuse of discretion.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, but only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Factors to be considered in the division of property are the future prospects of the parties, their age, health, station in life, length of marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the disposition of the marital assets. This case is affirmed.
The wife’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.