Following oral proceedings, the trial court divorced the parties, effected a property division, awarded the wife temporary periodic alimony, ordered the husband to pay child support for the two minor children, and awarded the wife attorney fees. The wife appeals, contending that the division of property and award of alimony were inequitable and an abuse of discretion.
The award of periodic alimony and the division of marital property are matters of judicial discretion and will not be reversed on appeal except for palpable abuse. Grimsley v.Grimsley, *Page 943 545 So.2d 75 (Ala.Civ.App. 1989). Factors which the trial court should consider in determining an award of alimony and in dividing marital property include the future prospects of the parties, their ages, health, station in life, how long they were married, and the conduct of the parties in regard to the cause of the divorce. Grimsley. The court should also consider those factors when determining the duration and the amount of alimony. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). If the trial court does not grant an award of periodic alimony in the divorce decree or reserve the right to do so upon future consideration, its power to grant it is lost. Coby v. Coby,489 So.2d 597 (Ala.Civ.App. 1986).
The record reveals that the parties were married for approximately 11 years. The husband is 44 and a practicing attorney. The wife is 35 and unemployed. Both are in good health. The wife, however, complains of monthly migraine headaches.
The wife's educational background includes two semesters of college. She worked in the Probate Court of Mobile County for four years and earned a gross pay of $800 per month. She left the probate office after her first year of marriage. Except for a two-week temporary position, the wife has not been employed since 1981. The wife is a homemaker and has been the primary custodian of the parties' two minor children. She testified that it was doubtful she could obtain meaningful employment given the ages of the children (seven and three) and her present lack of marketable skills.
The husband is a sole practitioner with a primary emphasis in domestic law. The court found that his average gross monthly income for the preceding 18 months had been $10,351. His testimony, however, was that his average income for the last six months was only $6,609.95 and that his average monthly expenses were $12,751.68.
The husband filed the complaint for divorce on the ground of incompatibility. The wife counter-claimed and sought the divorce on the grounds of incompatibility and adultery. We consider it unnecessary to relate all the allegations the parties have charged against each other. Suffice it to say that neither party appears completely faultless. The evidence revealed that the husband had engaged in an extramarital affair with a court employee. Both parties are accustomed to a high standard of living. However, the record discloses that their income was never as high as their standard of living.
The husband was ordered to pay $1,200 in monthly periodic alimony for two years and $1,469 per month as child support. The wife was responsible for one-half of any expenses not covered by health insurance for the children and one-half of the expenses for the enrollment of the children in a private school. She was awarded an automobile and ordered to assume the $400 per month payment on the automobile. The court ordered the marital home to be sold and the proceeds divided equally. The husband was ordered to pay the mortgage payments for two months after the divorce. Thereafter, if the wife chose to remain in the home she would be responsible for the mortgage payments. If she elected to move from the home, pending the sale, she would be obligated to pay one-half of the mortgage. The monthly mortgage on the marital home is $1,222.04. The husband was awarded a beach condominium and directed to pay one-half of its equity to the wife.
The wife complains that she is entitled to a more equitable distribution of the marital assets. We have carefully reviewed the record, with the attendant presumptions in mind, and find no error in the division of the marital property. We cannot say that we would have arrived at the same division of property if we had been in the trial court's position. However, absent abuse of discretion or palpable error, we are prohibited from substituting our judgment for that of the trial court.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
The wife asserts that the trial court erred in failing to award to her permanent *Page 944 
periodic alimony or, in the alternative, to at least reserve jurisdiction to award periodic alimony in the future.
The court awarded the wife $1,200 in temporary alimony for two years. The wife asserts that the award should have been for permanent alimony, particularly in view of the husband's adulterous actions. We cannot say that the amount of temporary alimony granted was an abuse of discretion or palpably wrong. We are unable to say that the needs of the wife and the misconduct of the husband warrant an award of permanent alimony, although it is problematical how she will be able to meet all of the obligations imposed upon her by the decree when the temporary alimony awarded ends. It is for that reason and others that we conclude the following.
Considering the wife's lack of marketable skills, the ages of the children, and her educational limitations, alongside the husband's fault and considerable ability to assist her, we find that the trial court erred in not reserving the right to award periodic alimony based upon future considerations. Tuggle v.Tuggle, 582 So.2d 1132 (Ala.Civ.App. 1991). We consider that failure to do so, in view of the evidence, amounts to an abuse of judicial discretion.
The wife next contends that the court's award of attorney's fees was inadequate.
The award of attorney's fees is a matter of judicial discretion. In making such an award the trial court should consider, among other factors, the earning capacities of the parties and the financial circumstances of the parties.Sprinkle v. Sprinkle, 441 So.2d 974 (Ala.Civ.App. 1983). The husband testified that he could not afford to pay the requested fees in view of the marital debts and his monthly fixed expenses. The trial court apparently agreed with the husband. The court's award of attorney's fees was not an abuse of discretion.
The wife's request for attorney's fees on appeal is granted in the amount of $750.
This case is affirmed in part, reversed in part and remanded to the trial court to reserve the right to award periodic alimony in the future.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.