Following oral proceedings, the Circuit Court of Montgomery County entered a final divorce decree, dividing the parties' property, awarding custody of the three minor children to the wife, and ordering the husband to pay child support. The wife appeals. The husband did not file a brief with this court.
The wife asserts that the trial court erred in its computation of child support. She insists that the court utilized incorrect figures in calculating the husband's gross monthly income and in calculating the work-related child care costs.
The court found the total child support obligation under Rule 32, Alabama Rules of Judicial Administration, to be $1,556. The husband's obligation equaled $545 per month or 35% of the total obligation. The wife's obligation equaled $1,011 per month or 65% of the total obligation.
The wife asserts that the court erred in failing to consider the husband's overtime earnings in calculating his monthly gross income.
The husband testified that he worked 40 hours per week and earned $12 per hour. He testified that he could not estimate his overtime earnings because he was not assured any overtime. His supervisor testified that overtime would not be as plentiful as it *Page 328 
had been in the previous year. He testified that it is plausible that the husband may not secure any overtime.
The court based the husband's monthly gross income on the husband's hourly wage. Due to the testimony concerning the lack of overtime available to the husband, we find no abuse of discretion in the trial court's computation of the husband's monthly gross income.
We do, however, find error in the figure utilized by the trial court depicting the work-related child care costs.
Rule 32(B)(8), A.R.J.A., provides the following:
 "CHILD CARE COSTS. Net child care costs, incurred on behalf of the children because of employment or job search of either parent, shall be added to the basic child support obligation. Child care costs shall not exceed the level required to provide care from a licensed source for the children based on Department of Human Resources' guidelines. The value of the federal income tax credit for child care shall be subtracted from actual costs to arrive at a figure for net child care costs."
The wife proved actual monthly child care costs of $504 per month for the two youngest children. Her tax credit for the child care expenses equaled $80 per month. Her net child care expense equaled $424 per month. Rule 32(B)(8), A.R.J.A., however, provides that net child care costs may not exceed the child care cost standards promulgated by the Alabama Department of Human Resources. The standard which was in effect in May 1992 and applicable to the child care costs in this instance was $251 per child per month. See Memorandum of Charles G. Cleveland, Commissioner, Alabama Department of Human Resources, May 15, 1992, to Child Care Contractors. The court used the outdated standard of $140 per month per child and then incorrectly decreased that amount by $80 (Rule 32(B)(8), A.R.J.A., provides that the tax credit "shall be subtracted from actual costs to arrive at a figure for net child carecosts"), arriving at a child care cost of $200 per month. Because the net child care cost ($424) did not exceed the Department's standard, the court should have used the net child care cost in calculating the child support obligation.
We remand the issue to the trial court for it to recalculate the child support obligation, utilizing the correct child care costs. We point out that the Department's standards have been upgraded since this matter was originally presented to the trial court. See Memorandum of Paul Vincent, Director, Family and Children's Services, November 24, 1992, to County Directors of Human Resources and Executive Directors of Child Care Management Agencies. The standard applicable to this case, however, remains unchanged.
The wife asserts that the court abused its discretion in the disposition of the marital home.
The appraised value of the marital home was $85,000. The outstanding mortgage was $54,000. The court determined the equity to be $31,000. The court awarded the husband $15,500 of the equity. It ordered the wife to pay to the husband $5,500 within ninety days and to make the remaining $10,000 payment within 10 years.
When a trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985). The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v.Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Prestwood v. Prestwood, 523 So.2d 1071
(Ala.Civ.App. 1988). Factors to be considered in the division of property are the future prospects of the parties, their ages, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). *Page 329 
The record reflects that the parties were married for 15 years. Both parties are in their thirties and in relatively good health. The wife had a laminectomy (back surgery) in 1985. She testified that she will have to have neck surgery within the next five years. She is a registered nurse. Her gross monthly income at the time of the divorce was $3,541. The husband has been employed with the same employer for 15 years. The court determined his gross monthly income to be $2,080 per month. The wife was in a car accident in 1988 and received a large settlement award. The husband has approximately $10,000 in his retirement fund.
Applying the attendant presumptions to the facts of this case, we cannot say that the court abused its discretion in the disposition of the marital home.
The wife asserts that the court erred in awarding to the husband the federal income tax dependency exemption for the parties' children. According to 26 U.S.C.A. § 152(e) (West 1988), such exemption is given to the primary custodian.
However, our courts have held that the allocation of the dependency exemption is a matter of discretion for the trial court. Gamble v. Gamble, 562 So.2d 1343 (Ala.Civ.App. 1990). As in all discretionary matters, the judgment of the trial court will not be reversed on appeal absent a showing of abuse.Hamby v. Hamby, 575 So.2d 580 (Ala.Civ.App. 1991).
We find the trial court's award of the exemption to the husband to be arbitrary and, therefore, an abuse of discretion. The wife is the custodial parent, and under the guidelines her child support obligation equals 65% of the total obligation. The husband's monthly child support obligation barely covers the cost of child care for the two younger children. The wife must also pay the private school tuition for the parties' older child. She is obligated to pay the husband $15,500 on the marital home and to assume the mortgage if she intends to remain in the marital home. Viewing the award in its totality, we find the trial court's award of the exemption to the husband to be inequitable and an abuse of discretion.
The wife finally contends that the trial court erred in refusing to award her attorney's fees.
The decision to award attorney's fees is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991). We find no such abuse, particularly in view of the wife's testimony that she removed funds from the parties' joint savings account to help defray the cost of the divorce.
The judgment of the trial court is reversed and remanded with direction for the trial court to recalculate the amount of the child support obligation and to award to the wife the federal income tax exemption for the parties' children. The remainder of the judgment is affirmed.
The wife's request for attorney's fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.