YATES, Judge,
concurring in part and dissenting in part.
I concur with the majority, except as to the holding concerning alimony. I would hold that the trial court erred in its failure to award alimony, or to at least reserve the right to award alimony in the future. Therefore, I respectfully dissent.
The trial judge stated at the hearing:
“As far as the property, I’m going to find that the wife is not entitled to alimony because of the length of the marriage and because of the reasons of the divorce, they saw it coming, both parties, and apparently tried to reconcile and were unsuccessful. Therefore, I’m not going to award the wife any alimony.... ”
A trial court in determining whether an award of alimony is warranted should consider factors including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Other than the length of the marriage, the trial court’s reasoning appears to rest on the fact that the parties saw the divorce coming and unsuccessfully tried to reconcile. Such reasoning should not preclude the award of alimony.
The purpose of alimony is to preserve the status quo of the parties as it existed during the marriage. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989). The failure to award, or to reserve the right to award, alimony prevents any future consideration of the issue. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App.1992). It was undisputed that the wife had not worked since 1985 and that she was unemployed at the time of the hearing. Although she testified that she thought she could earn $10 per hour as a dental hygienist, she had been unable to find work. Therefore, I would reverse the judgment of the trial court and remand the cause for the purpose of awarding alimony or, at the very least, to reserve the right to award alimony in the future.