L. CHARLES WRIGHT, Retired Appellate Judge.
Following oral proceedings, the Circuit Court of Colbert County divorced the parties, awarded physical custody of the two minor children to the wife, ordered the husband to pay child support, made a division of the marital assets, and reserved the right to award alimony in the future. The wife appeals.
The record reflects that the parties were married in 1976 in Teheran, Iran. Five months after the marriage the parties relocated to California. At that time the wife spoke no English. The wife testified that she has studied English as a second language but that she is not proficient in the language as far as being able to read and write it. She attempted to learn the language and certain other skills while in California. She testified, however, that her husband discouraged her from working. At the time of the hearing the wife was working in a manufacturing plant as a seamstress, earning $5.00 per hour.
At the time of the hearing the husband was employed by Lockheed Missile and Space Company, earning approximately $5,542 per month. There was speculation that he could possibly lose his job. The husband testified that the marital problems *268 began after the wife decided to convert from the Moslem religion to the Jehovah’s Witness religion.
Prior to the proceedings, the parties sold the marital home. The wife received $122,-720 from the sale of the home, and the husband received $111,560. Approximately one week after the separation, the wife, without the husband’s knowledge, retrieved $9,500 from a line of credit at Lockheed Credit Union. The husband did not pay any support from March 1993, the time of the separation, until February 1994, when he was ordered to do so by the trial court.
At the time of the hearing the wife was 40 years of age and the husband was 52. The parties have two daughters — ages 16 and 8. Both parties are in good health.
The trial court awarded the wife a house in California, valued at $245,000. The house carries a $190,000 mortgage. She was also awarded an unencumbered piece of property in California, worth $8,000. The wife was awarded all the furniture in the marital home, with an approximate value of $35,000; three automobiles, with a cumulative value of $31,000; and the contents of a safety deposit box, with an approximate value of $40,000. The wife was ordered to assume a $12,000 note on one of the vehicles. She was ordered to pay $3,300 in capital gains tax from the sale of the marital residence, $14,000 toward the parties’ 1991-92 income taxes, and $4,500 to Redstone Credit Union. She was further ordered to repay the $9,500 that she retrieved from the Lockheed Credit Union. The court refused to award alimony. It, however, reserved the right to do so.
The husband was awarded a piece of unencumbered property in South Carolina, worth $36,000; a Mercedes automobile, worth $12,-000; his 401(k) plan, valued at $95,000; and his retirement plan, valued at $89,000. He was ordered to pay the same amount of capital gains tax and income tax as the wife; he was ordered to assume the $11,000 loan taken against his 401(k) plan and to assume the debt of $4,500 to Redstone Credit Union.
Initially, the wife asserts that the trial court erred by not following the mandates of Rule 32, A.R.Jud.Admin., in setting child support.
The child support guidelines are mandatory in all actions filed after October 9, 1989. The trial court may deviate from the guidelines only where there is a fair, written agreement between the parties setting the amount of child support to be paid or where “[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.” Rule 32(A)(i) and (ii), AR.Jud.Admin.
The husband calculated that based upon the guidelines, he would be responsible for $1,067 in monthly child support. The wife’s similar calculations estimated the husband’s monthly support obligation to be between $1,127 and $1,236. The trial court ordered the husband to pay $850 per month.
The trial court deviated from the mandates of the guidelines. It gives no reason for the deviation in its order. The court’s order has no findings of fact and makes no mention of the guidelines: We find no evidence in the record to support a deviation. The mere possibility that the husband may become unemployed in the future is speculative and should not be effective in deviating from the guidelines.
The trial court’s deviation from the guidelines without supportive findings is error. State ex rel. Walley v. Walley, 601 So.2d 1041 (Ala.Civ.App.1992). The cause is remanded so that the court may either make such findings of fact or apply the guidelines as required by Rule 32, AR.Jud.Admin., Wal-ley.
The wife asserts that the court erred in awarding the husband the federal income tax dependency exemption for the parties’ children. She insists that the custodial parent is entitled to the exemption.
Our courts have held that the allocation of the dependency exemption is a matter of discretion for the trial court. Homan v. Homan, 623 So.2d 326 (Ala.Civ.App.1993). As in all discretionary matters, the judgment of the trial court will not be reversed absent a showing of abuse. Homan. We find no such abuse.
*269 The wife asserts that the trial court erred in finding her in contempt. She has served the period of punishment. That cannot be corrected. In any event, whether there has been contempt of its decree is for the trial court to determine. Hill v. Frye, 603 So.2d 1073 (Ala.Civ.App.1992). We consider the issue to be moot in this case.
The wife asserts that the trial court erred in its division of the marital assets and in its refusal to award alimony.
The award of alimony and the division of property are matters which are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The trial court’s judgment, however, is subject to review and revision. Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991). While the division of property need not be equal, such divisions must be equitable under the circumstances of each case. Daugherty v. Daugherty, 579 So.2d 1377 (Ala.Civ.App.1991). When making an award of alimony or a division of property, the trial court should consider certain factors, such as the earning capacity and future prospects of the parties, them ages and health, the length of the marriage, and the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
From our review of the evidence and the judgment, it appears that the wife was awarded a substantial percentage of the marital assets. However, she was also ordered to shoulder a substantial percentage of the marital liabilities. Her economic forecast looks bleak, due to her lack of skills. At the post-judgment hearing the wife testified that she had been unemployed since November 1993. In order to live, she will undoubtedly have to expend the capital assets awarded to her in the judgment. She has already used a large portion of her share of the money from the marital residence to purchase housing for herself and the children and to survive financially during the pendency of the proceedings. The wife received no support from the husband while the action was pending.
It appears to the court that the securing of the $9,500 from the credit account by the wife while she was without support after the separation was reasonably necessary. It should be considered as in lieu of payment from the husband. We, therefore, find that the requirement of repayment by the wife was inequitable and thus error. We also find error in the requirement that the wife pay one-half of the income taxes for the year 1991-92. She was not employed and had no income in those years. The wife, though receiving substantial property, real and personal, received no liquid assets other than from the sale of the marital home. Much of those funds has been expended in purchasing another cheaper home for herself and the children and spent for her maintenance. The real estate in California is heavily mortgaged. Its sale would be subject to California taxes. She has no alimony award, is unemployed, is unable to sufficiently read or write English, and is an alien in this country with only a green card for security.
When viewed in its entirety, we find some of the judgment to be so inequitable to the wife and so unsupported by the evidence as to require reversal. We, therefore, reverse the judgment in part as follows: The award of the sum of $850 monthly as child support is set aside, and the court is directed to order support according to Rule 32, A.R.Jud.Ad-min. Paragraphs 18, 19, and 20 are reversed and set aside in their entirety. The remainder of the judgment is affirmed.
The cause is remanded with directions to enter a judgment as herein ordered.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.