This is a divorce case.
Following 32 years of marriage, Richard Otto Kluever sued for a divorce from Anna B. Kluever, alleging incompatibility of temperament. The wife's motion to dismiss was denied, and she answered and filed a counterclaim alleging adultery.
In February 1994, following ore tenus proceedings, the trial court divorced the parties based upon incompatibility, and, inter alia, divided the meager personal property of the parties and continued the issue of alimony until after further proceedings. Following additional ore tenus proceedings on the issue of periodic alimony, the trial court entered a supplemental judgment awarding the wife periodic alimony of $150 per month for 18 months. The wife appeals, contending that the trial court abused its discretion in its determination regarding periodic alimony.
Pertinent facts are disclosed in the record. Although no children were born of this marriage, the wife had four minor children when the parties married in 1961. The parties separated in August 1993, after the husband asked the wife for a divorce when they returned home from their 32nd wedding anniversary trip. The husband testified that the wife had not worked since approximately 1975, because he had asked her to stop working after her children became adults. The wife testified that her only income was approximately $317 per month in Social Security *Page 889 
benefits. In 1979, the husband retired after 20 years in the Air Force, and at the time of the hearing he was receiving retirement pay of approximately $759 per month. He testified that he had recently begun delivering newspapers, and that he expected to receive over $300 per month from that job, based upon what others had told him. Additionally, his mother provides him with approximately $130 per month. Based on this information, the husband's estimated monthly gross income is approximately $1200. The husband testified that $125 per month is withheld from his retirement check to repay a loan, and that he believed $109 per month would be deducted from his retirement pay, beginning in June 1994, to cover a default by the people who had assumed the mortgage on the previous marital home. Other evidence, however, indicated that it is questionable that the husband will be responsible for that obligation.
According to the husband, he has no money in a bank and they rented the marital home. The parties stipulated that the wife had retained the personal property accumulated during the marriage, and that the husband had never asked the wife for any of the personal property he left at the marital home. The husband testified that the wife handled the parties' finances and that the wife was entitled to medical insurance through the military for up to one year after the divorce and probably to some other military privileges. The husband testified that he lived with his mother. Also living with his mother is Betty Mercer, whom the husband testified to knowing for approximately 15 years, and the husband did not deny a romantic relationship with her. The husband basically admitted that when the parties got old and the wife got sick, he left her. When asked if he paid some of the household expenses for his mother's residence, he replied, "Buy some cigarettes for myself." He further testified that he did not give the wife any financial support after he left her.
The wife testified that she lived with her mother, and that she was basically "living off of" her mother. She testified that she had not known anything was wrong and that she and her husband were not having marital problems when he asked her for a divorce; she said he stated that he just wanted to be free. According to the wife, the husband was living at his mother's house with Mercer as early as October 1993. The wife stated that she sold most of the parties' personal property at a yard sale to obtain money to pay off a loan, to pay rent on the marital residence, to pay for her living expenses, and to pay for her move to Indiana to live with her mother. The wife estimated her monthly expenses to be approximately $810, excluding medical needs, and testified that she was disabled from working. She has health complications, including an enlarged heart, back problems, and two artificial knees. The husband also complains with back problems.
Both of the parties are in their sixties and reside with their mothers, who are in their eighties. Although the husband is the only heir to his mother's house, the wife has three sisters and is not the only heir to her mother's home.
When the evidence in a divorce proceeding is presented to the trial court ore tenus, its judgment is presumed to be correct if it is supported by the evidence, unless it is shown to be plainly and palpably wrong. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). Further, the award of alimony is within the trial court's discretion, and its award will not be reversed on appeal absent an abuse of that discretion. Sketo v. Sketo,608 So.2d 759 (Ala.Civ.App. 1992). Although this court is not permitted to substitute its judgment for that of the trial court, this court is permitted to review and revise the trial court's judgment upon an abuse of discretion. Sketo, supra; see also Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
The purpose of periodic alimony is to provide financial support for the recipient spouse, and it may be modified in the future, based upon changed circumstances. White v. White,589 So.2d 740 (Ala.Civ.App. 1991). The trial court may consider many factors when awarding alimony, including (1) the length of the marriage, (2) the conduct of the parties regarding the cause of the divorce, (3) the ability of each spouse to earn income, (4) the ages, sex, and health of the parties, (5) their future prospects and station in life, (6) *Page 890 
the parties' education, experience, and job histories, (7) the recipient spouse's financial needs, and (8) the ability of the payor spouse to respond to these needs. White, supra; Sheffieldv. Sheffield, 485 So.2d 1177 (Ala.Civ.App. 1986); Lutz v.Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986); Beckwith, supra.
Further, even if a divorce is granted on the grounds of incompatibility, a trial court may consider fault in making its awards. Lutz, supra.
After reviewing the record, we conclude that the trial court abused its discretion in the periodic alimony award in the instant case. The husband initiated the divorce proceedings, and, although the wife failed to prove adultery or other fault grounds, the husband did not deny a romantic involvement with another woman and there was ample evidence to find fault on the part of the husband regarding the cause of the divorce. Although the wife quit working, at the husband's request, and is now unable to work because of medical problems, the husband receives a monthly retirement income and is able to work to supplement his income. Furthermore, while the income of each party is limited, the divorce has reduced the wife to living off her elderly mother and public assistance, with no prospect for change in the future. Although the husband's income is limited, he has the ability to meet some of the financial needs of his wife of over 32 years and perhaps to prevent her from complete dependence on public welfare.
There is no evidence to support the trial court's limitation of the wife's periodic alimony to 18 months. It does not appear that the wife's financial circumstances will improve at that time, and there is nothing to indicate that the husband's income will decrease, or that his expenses will increase, at that time. Furthermore, that limitation allows an exact computation and makes the award more like a property division than a periodic alimony award designed to support the dependent wife. See Pressnell v. Pressnell, 519 So.2d 536 (Ala.Civ.App. 1987).
Mindful of the presumption of correctness that accompanies this judgment on appeal, we note that had this court been in the position of the trial court, it is doubtful that the amount of the periodic alimony awarded would be the same. Based upon the limited income of the husband, however, we cannot find that the amount of alimony, although meager, constitutes an abuse of discretion. Considering especially the wife's disability and the financial consequences she will suffer because of a divorce she did not seek, viewed with the husband's ability to respond to her needs instead of placing her on public assistance, we hold that it was error for the trial court to limit the periodic alimony award to only 18 months. The trial court's failure to award periodic alimony based upon the appropriate factors and for the appropriate purpose, i.e., to support the wife, amounts to an abuse of discretion and mandates reversal.Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App. 1992). On remand, the trial court should remove the 18-month limitation on the periodic alimony award, thus leaving the alimony provisions available for either party to seek modification in the future based upon changed circumstances.
Accordingly, the judgment is reversed to the extent that it limits the alimony award to 18 months, and the cause is remanded for the trial court to remove that limitation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents.