666 So.2d 28 (1995)
Jean Marie CARTER
v.
Woodrow CARTER.
2940079.
Court of Civil Appeals of Alabama.
June 30, 1995.
Tim R. Wadsworth of Tim R. Wadsworth, P.C., Sulligent, for appellant.
*29 Jonathan A. Brown of Young & Brown, P.C., Vernon, for appellee.
MONROE, Judge.
On June 13, 1994, the trial court divorced the parties on the grounds of adultery committed by the husband. The parties had been married 22 years.
The trial court awarded the wife custody of the parties' two children, ages 16 and 12; the marital home and 38.5 acres of land, together worth about $45,600; the parties' $2,406 federal income tax refund; a 1991 Ford van valued at $6,850 and subject to debt; a Pontiac Sunbird automobile valued at $3,995; and certain household goods and personal property worth less than $2,000.
The trial court ordered the husband to pay $543 monthly child support, and it reserved the issue of future college expenses. The court awarded the husband 40 acres of real property purchased by the parties for $12,000, subject to a mortgage and a $2,600 forestry debt; certain real property in Marion County that was a gift from the husband's parents; a boat and accessories valued at $4,000; two pickup trucks, one valued at $400 and the other at $10,000; a utility trailer; a television tower; and certain household goods and personal property.
The wife appeals, contending that the trial court abused its discretion in refusing to award her periodic alimony or to reserve the issue of future alimony, in refusing to award her a portion of the husband's retirement benefits, and in refusing to award her an attorney fee.
"`Periodic alimony' is an allowance for future support of the wife, payable from the current earnings of the husband." Lacey v. Ward, 634 So.2d 1013, 1014 (Ala.Civ.App. 1994). "The matter of alimony is entrusted to the discretion of the trial court. This court will not set aside that judgment unless an abuse of discretion is established." Thornburg v. Thornburg, 628 So.2d 885, 887 (Ala.Civ.App.1993). "If the trial court does not grant an award of periodic alimony in the divorce decree or reserve the right to do so upon future consideration, its power to grant it is lost." Pilgrim v. Pilgrim, 596 So.2d 942, 943 (Ala.Civ.App.1992). In determining whether to grant alimony, the trial court considers several factors. "These factors include the source of their common property, the ages, sex and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce." Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App.1986).
The husband earned $31,929 in 1993; he had been employed with the same company for 20 years. The wife earned $13,998 in 1993; she had been with her current employer for the past five years. When the parties were first married, she stayed home with the children for five or six years. She testified that she had attended a junior college for one and one-half years. At the time of the hearing, the wife was 39 years old. She testified that her monthly expenses totalled about $645. There is no evidence that the trial court abused its discretion in not awarding the wife periodic alimony.
Further, the record shows that the wife was awarded the marital home and 38.5 acres of land on which the home sits. Apparently, the home and land are free of debt, and are valued at $45,600. The wife also received the couple's federal income tax refund of $2,406. The value of the property awarded to the husband is about $18,000 less than that of the property awarded to the wife. In addition, the husband's property is subject to a debt of about $14,000. After reviewing the evidence, we do not believe that the trial court's decision not to reserve the issue of periodic alimony rises to the level of abuse of discretion.
The wife next argues that the trial court abused its discretion in failing to award her a portion of the husband's retirement benefits. The husband testified that his retirement plan vested in January 1994, in the amount of $370.47 per month. If he continues to work until age 65, his estimated benefits will increase to $847 per month. "[F]unds paid into a retirement plan are an asset of the husband which may be considered by the court in effecting an equitable property division or an award of alimony in *30 gross." Powell v. Powell, 628 So.2d 832, 834 (Ala.Civ.App.1993) (emphasis added). The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
The record shows that the husband's pension plan and retirement benefits were discussed several times during the trial. The husband's company's entire pension plan booklet was made part of the record. The trial court could have had any number of reasons for not awarding the wife a portion of the husband's retirement, including the fact that the property awarded to the wife was apparently worth more than the property awarded to the husband, as discussed above. Even though the judgment does not specifically address the husband's retirement benefits and pension, ample evidence regarding retirement benefits was before the court. Because trial courts are presumed to know and follow the law, we must presume the trial court considered the issue and decided not to award the wife any portion of the husband's retirement. The judgment of the trial court should be affirmed absent a clear abuse of discretion. In reviewing the record in this case, we find no clear abuse of discretion on the trial court's part.
Finally, the wife argues that the trial court abused its discretion in failing to award her an attorney fee. "The decision to award attorney's fees is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion." Homan v. Homan, 623 So.2d 326, 329 (Ala.Civ. App.1993). We affirm the trial court's judgment as to the attorney fee issue.
For the above reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
THIGPEN, J., concurring specially.
YATES, J., concurs in part and dissents in part.
THIGPEN, Judge, concurring specially.
Although the wife contends that the trial court failed to reserve alimony, my reading of this record and the resulting judgment disclose that the trial court considered the matter of alimony and denied it. It is well settled that the matter of alimony, including reserving the right to award future periodic alimony based upon future considerations, lies within the discretion of the trial court, and, absent an abuse of that discretion, this court will not reverse the trial court's determination. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App.1992). While some disparities in income and employment of the parties may exist, it is clear that the trial court properly considered the totality of the circumstances, including the interrelationship of an alimony award and a property division. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Furthermore, a trial court's determination that is based upon ore tenus evidence is presumed correct. See Montgomery, 519 So.2d 525. The wife has simply failed to disclose error in the trial court's determination in this regard.
YATES, Judge, concurring in part and dissenting in part.
I concur in the holding that the trial court did not abuse its discretion in failing to award periodic alimony. However, I dissent from the holding that the trial court did not abuse its discretion in failing to reserve the issue for future consideration, given the length of the marriage and the disparity in the employment and income of the parties. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ. App.1992); Silvey v. Silvey, 634 So.2d 138 (Ala.Civ.App.1993).
Additionally, because the trial court's order does not indicate whether the court considered the husband's retirement benefits when it divided the parties' property, I would remand for the trial court to consider this issue and make a finding. See Byrd v. Byrd, 644 So.2d 31, 32 (Ala.Civ.App.1994).