MONROE, Judge.
Wanda and Tommy Webster separated after 37 years of marriage. Eight months after separating, Wanda sued for a divorce. After an ore tenus proceeding, the trial court entered a judgment divorcing the parties, dividing the marital property, and awarding the wife $500 a month in periodic alimony for 24 months. The trial court specifically divested the wife of any right, title, and interest in the husband’s retirement account. The wife appeals.
The wife contends that the trial court abused its discretion in not providing her with permanent periodic alimony. “The matter of alimony is entrusted to the discretion of the trial court. This court will not set aside that judgment unless an abuse of discretion is established.” Thornburg v. Thornburg, 628 So.2d 885, 887 (Ala.Civ.App.1993). In determining whether to grant alimony, the trial court considers several factors. “These factors include the source of their common property, the ages, ... and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce.” Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App.1986). “The purpose of periodic alimony is to provide financial support for the recipient spouse, and it may be modified in the future, depending upon changed circumstances.” Kluever v. Kluever, 656 So.2d 887, 889 (Ala.Civ.App.1995).
As mentioned above, the parties were married for 37 years. The record shows that they are both in their late 50s. The wife earns about $16,500 annually as a “quality auditor” with a textile company; the husband, a postmaster, earns about $52,000 annually. From the record, it does not appear that either party was at fault; the wife filed her divorce complaint months after the parties had separated and the husband had moved out of the marital residence.
Based on her age and work history, there is no reason to believe that the wife’s circumstances will improve within two years. Nothing in the record supports the trial court’s decision to limit periodic alimony to only 24 months. See Kluever, supra. Therefore, we hold that the trial court abused its discretion in limiting the wife’s award of periodic alimony to 24 months.
The wife also argues that the trial court erred in dividing the marital property and in declining to award her any part of the husband’s retirement account, which, the record shows, is the largest single marital asset. The wife was awarded the marital residence, valued at $106,000. She is responsible for making the mortgage payments. The wife also was awarded a Lincoln automobile, all the bank accounts, stocks and bonds in the wife’s name, certain of the parties’ joint accounts, and the personal property in her possession. The equity in the marital residence is about $75,000. The total amount awarded to the wife in bank accounts and stocks and bonds is approximately $96,500. Most of the money awarded to the wife came from a “pay-out” of her retirement fund in 1989. That money amounted to the majority of the parties’ cash savings.
The husband was awarded farm land he had inherited, his 1994 pickup truck, bank accounts, stocks and bonds in his name, certain of the parties’ joint accounts, and per *34 sonal property in his possession. The total amount awarded to the husband in accounts and stocks and bonds is about $30,000. The husband also was awarded his retirement annuity, valued at $430,000. The trial court ordered the husband, upon his retirement from the United States Postal Service, to choose a survivor’s benefit plan and name the wife as the beneficiary. Until his retirement from the USPS, the husband must maintain the wife as the beneficiary of the life insurance he has through his employment.
The division of property in a divorce case does not have to be equal, only equitable. Irwin v. Irwin, 666 So.2d 515 (Ala.Civ.App.1995). “[F]unds paid into a retirement plan are an asset ... which may be considered by the court in effecting an equitable property division or an award of alimony in gross.” Powell v. Powell, 628 So.2d 832, 834 (Ala.Civ.App.1993). In dividing marital property, the trial court is to consider the same factors as it does in determining the amount of alimony to be awarded, if any. Slater v. Slater, 587 So.2d 376 (Ala.Civ.App.1991). The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
Given the parties’ earning abilities, their ages, and the length of their marriage, and considering the husband’s retirement annuity as marital property, we must conclude that the division of property between the parties is not equitable. Under the judgment as entered by the trial court, the wife would lose her periodic alimony in 24 months and she would not receive any portion of the husband’s retirement annuity, which was accrued throughout the length of the marriage, unless or until the husband dies.
Because the trial court’s decision to limit the wife’s periodic alimony to 24 months is not supported by the evidence, and because the division of marital property is not equitable, we reverse the judgment and remand this cause for the trial court to reconsider the time limit imposed on the award of periodic alimony and to reconsider the division of marital property.
Finally, the wife argues that the trial court abused its discretion in failing to award her an attorney fee. “The decision to award attorney’s fees is a matter within the trial court’s discretion and will not be reversed on appeal absent an abuse of discretion.” Homan v. Homan, 623 So.2d 326, 329 (Ala.Civ.App.1993). We affirm the trial court’s judgment as to the attorney fee issue.
The judgment of the trial court is reversed as to the 24-month limitation on alimony and as to the division of property, and this cause is remanded for the trial court to reconsider these matters.
The appellant’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.