CRAWLEY, Judge.
Shandala Kay Gray and Dallas Malcomb Gray were divorced in 1992. The mother was awarded custody of their two minor children. In 1993, the mother married a military serviceman, and she and the children moved to Germany, where the new husband was stationed. In December 1994, the father filed a motion to hold the mother in contempt, alleging that she had interfered with the father’s visitation. The trial court found the mother to be in contempt and ordered her to pay $8,430.33 for the father’s attorney fees and costs. The mother filed a post-judgment motion, which the trial court denied. The mother appeals, arguing that the trial court awarded the father an excessive amount for attorney fees and costs.
The trial court’s order states:
“A Petition for Contempt having been filed in this cause, this Court finds from the testimony in this case that there has been a concerted effort by the mother and her husband to deny visitation privileges as Ordered by this Court. The Court finds that there has been a willful contempt of this Court and this Court’s Orders. This Court Orders that the mother in this ease is hereby responsible for a Judgment for and on behalf of the father in the sum of $8,430.33. Said Judgment will be filed as any other Judgment and will be paid to the Clerk of the Circuit Court of Dale County, Alabama. An itemized list of said Judgment is filed in this cause. This Judgment may be repaid at the rate of $200.00 per month commencing August 1, 1996, to the Clerk of the Circuit Court of Dale County, Alabama, as a condition for [the mother’s] purging herself from contempt.”
The mother first argues that the trial court’s order is an order finding her in criminal contempt, and she contends that the trial court erred by imposing attorney fees and costs as a condition to the mother’s purging her criminal contempt. We note that the maximum punishment for criminal contempt is a $100 fine and/or five days in jail, per offense. Ala.Code 1975, § 12-11-30(5). See also Rule 70A, Ala. R. Civ. P.
*439 This court has distinguished criminal contempt and civil contempt as follows:
“An order of civil contempt seeks to compel or coerce compliance with certain orders of the court, while a criminal contempt order imposes punishment on the contemnor for disobedience of the court’s orders.”
Kalupa v. Kalupa, 527 So.2d 1313, 1317 (Ala. Civ.App.1988). This court has also held that a finding of contempt in a post-divorce proceeding can be both a finding of criminal contempt and a finding of civil contempt and that the trial court, in its discretion, may award attorney fees which exceed the statutory punishment for criminal contempt. Norland v. Tanner, 563 So.2d 1055 (Ala.Civ. App.1990). Therefore, we conclude that the dispositive issue is whether the trial court’s award of attorney fees and costs amount to an abuse of discretion.
The mother presents no evidence to support her contention that the award is unreasonable.
“It is within the sound discretion of the trial court to award an attorney’s fee in a divorce case. It is not error for a trial court to allow and set an amount for attorney fees even where no proof is presented regarding the reasonableness of the amount. Coan v. Coan, 516 So.2d 683 (Ala.Civ.App.1987). There is a presumption that the ‘trial court has the knowledge from which it may determine the amount of a reasonable fee for an attorney, even though no evidence is presented as to its reasonableness.’ Coan at 685.”
Boykin v. Boykin, 628 So.2d 949, 952 (Ala. Civ.App.1993). Therefore, the mother has not shown an abuse of discretion.
The award of attorney fees and costs is due to be affirmed.
AFFIRMED.
ROBERTSON, P. J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.