The trial court divorced the parties on August 16, 1995. Pursuant to an agreement of the parties incorporated into the final judgment of divorce, the court, among other things, awarded the mother custody of the parties' two minor sons; ordered the father to pay $1,019 per month in child support; ordered the mother to maintain health, dental, and hospitalization insurance on the children; and ordered that each party may claim one child as a dependent for federal and state income tax purposes.
On October 11, 1996, the mother petitioned the court to find the father in contempt, alleging that he was $2,038 in arrears in child support; on November 19, 1996, the father petitioned the court for a modification of his support obligation, alleging a material change in circumstances. Specifically, he alleged that he had retired and was receiving retirement income of $2,181.53 per month, which totaled an annual income less than one-half of what he had previously earned. He stated that because of medical problems he was unable to work to supplement his income. On December 5, 1996, the court, pursuant to an agreement reached by the parties, entered an order disposing of the issues relating to the father's arrearage and *Page 1281 
modified the father's support obligation to $750 per month. On that same day, the court dismissed the father's petition for a modification.
On April 3, 1997, the mother again petitioned the court to find the father in contempt, alleging that the father was $1,047.75 in arrears in his support obligation; that the father had told her that he was not going to pay the arrearage and that she would have to take him to court; and that the father had refused to pay his share of medical expenses in the amount of $515.36. On June 9, 1997, the court entered an order stating that the parties had informed it that all arrearages and medical payments had been paid.
On June 11, 1997, the father again petitioned the court, pro se, for a modification of his support obligation, alleging a material change in circumstances. The father stated that he was receiving only retirement income in the amount of $2,181.53 per month; that the mother's income had increased; and that when the parties had reached the December 1996 agreement reducing the support obligation to $750 per month, the mother had refused to verify her income and had told him that if he wanted visitation with the children he would have to agree to pay $750 per month in support. Following an ore tenus proceeding, the court, on August 6, 1997, entered an order reducing the father's support obligation to $700 per month; ordered the father to notify the court of any Social Security disability award he might receive; ordered the parties to exchange their federal and state income tax returns each year; allowed the mother to claim both children for federal and state income tax purposes beginning with the 1997 tax year; and awarded the mother $425 toward her attorney fee. The father's postjudgment motion was denied on August 19, 1997; he appeals, pro se.
The father contends that the court erred in failing to more substantially reduce his support obligation in accordance with Rule 32, Ala. R. Jud. Admin., and in imputing certain income to him. We note that matters related to child support, including subsequent modifications of a child support order, rest soundly within the trial court's discretion and that rulings on them will not be reversed unless they are plainly and palpably wrong. Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A child support award may be modified upon a showing of a material change in circumstances that is substantial and continuing. Id.; State ex rel. Shellhouse v. Bentley,666 So.2d 517 (Ala.Civ.App. 1995). "Factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child." Id., at 518. The primary consideration in awarding child support is the welfare and best interests of the child. Balfour v. Balfour,660 So.2d 1015 (Ala.Civ.App. 1995).
"Once a change of circumstances is proven, Rule 32(A), Ala. R. Jud. Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines." Coleman v. Coleman, 648 So.2d 605, 606
(Ala.Civ.App. 1994). Use of the child support guidelines is mandatory in all actions filed after October 9, 1989. Gazipurav. Gazipura, 652 So.2d 266 (Ala.Civ.App. 1994). The trial court may deviate from the guidelines if it makes a written finding on the record indicating that the application of the guidelines would be unjust or inappropriate and where there is a fair, written agreement between the parties setting the amount of support and stating the reasons therefor, or where the court determines, based upon evidence presented to the court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(i) and (ii), Ala. R. Jud. Admin.
When the parties divorced, the father was employed by the State of Alabama, earning approximately $58,000 per year. The father testified that he had retired from the State in July 1996 on a disability retirement. He stated that he suffers from migraine, chronic fatigue syndrome, weakness on the entire left side of his body, and back problems, and that he had a severely injured leg. The father's monthly disability retirement income is $2,181.53. At the time of the hearing, he had applied for Social Security disability benefits. At the time of the divorce, the mother had retired and was receiving approximately $2,025 per month in retirement income. *Page 1282 
Since the original proceedings, the mother had returned to work and was earning approximately $2,400 per month.
The father is a licensed attorney, maintaining an office in his home. During the proceedings, he corresponded with the mother's attorney using his office letterhead. The father testified, however, that he was unable to practice law and has no pending cases because of his health. The father has a roommate who is employed as a mechanic. The roommate does not pay rent and utilities, but does buy all the groceries and occasionally pays the telephone bill. The roommate has a flea-market business in which the father has an interest. The father testified that he would purchase used furniture and other items to be sold at the flea-market; however, he denied receiving any income from the business. Additionally, the father testified that he had purchased for $2,000 a trailer and an acre of land in Chilton County and that the trailer was not rented.
The court's December 1996 order reducing the father's support obligation to $750 per month was based on an agreement reached between the parties. The court stated in its order: "The Court was instructed that an agreement had been reached between the parties and the Court made bench notes relative to said agreement and executes this court Order accordingly." This order reducing the father's support obligation fails to comply with Rule 32, Ala. R. Jud. Admin. This court, in Martin v.Martin, 637 So.2d 901 (Ala.Civ.App. 1994), held that the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit was mandatory, pursuant to Rule 32(E). Further, this court held that in cases where the parties agree or stipulate to an amount of support, the court may accept the filing of a Child Support Guideline Notice of Compliance Form. Id.
There is no evidence to indicate that the Guideline Notice of Compliance Form was filed with the court regarding the December 1996 order. Further, there is no evidence that the court used the guidelines or income statements in approving the stipulated amount of support as required by Rule 32(A)(2).[1]
With regard to the court's August 1997 order, the father submitted his Child Support Guideline Form and Child Support Obligation Income Statement/Affidavit. Using his disability retirement income of $2,181.53 per month as his sole income and the income listed by the mother on her forms, the father calculated his support obligation to be approximately $466 per month. The mother, using her stated income, the father's disability retirement income, plus an additional $2,000 of imputed monthly income to the father, calculated the father's support obligation to be approximately $794 per month. The court set the father's support obligation at $700 per month.
We conclude that the trial court deviated from the guidelines without stating the reasons for the deviation, as required by Rule 32(A). Further, there is no reference made to the guidelines in the court's order with respect to its setting the support obligation at $700 per month. The court's deviation from the guidelines, without supportive findings, is error.Gazipura, supra. We, therefore, must reverse the judgment as to this issue and remand the case for the court to either make such findings or to apply the guidelines. Id. We note that should the court upon remand choose to impute income to the father, it is required to make a finding that the father is voluntarily unemployed or underemployed. Rule 32(B)(5); Stateex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App. 1995).
The father next contends that the court erred in allowing the mother to claim both children for state and federal tax purposes. The father cites no authority in support of his argument. Rule 28(a)(5), Ala. R.App. P., requires that an appellant support his argument with citations to authorities; therefore, we affirm the judgment as to this issue. SeeMartin, supra. *Page 1283 
The father next contends that the court erred in ordering him to pay a portion of the mother's attorney fee. It is within the trial court's sound discretion to award an attorney fee.Kilpatrick v. Gray, 690 So.2d 438 (Ala.Civ.App. 1997). The trial court is presumed to have the knowledge from which it may determine the amount of a reasonable attorney fee. Id. The court ordered the father to be responsible for only a portion of the mother's attorney fee. We cannot say that the court abused its discretion in awarding the mother $425. The judgment is affirmed as to this issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We note that this December 1996 order is not an issue on appeal. However, we feel that it is necessary to point out its deficiency because it is the order that was modified by the court on August 6, 1997, giving rise to this appeal.