CRAWLEY, Judge.
The State of Alabama appeals from the trial court’s order denying a modification of Royal Owens’s obligation to provide medical insurance for the benefit of his child Kyraneshia Coleman. Pursuant to a 1989 court order, the father provided insurance for the benefit of the child; however, the father’s insurance plan is accepted only within the State of Alabama. Jacqueline Coleman (the “mother”) and the child now live in Florida. The State requested that the trial court modify the 1989 judgment so that the father was no longer obligated to provide insurance and so that the cost of the mother’s insurance plan could be used to recalculate the father’s child-support obligation.
The case was tried before a referee. The referee refused to modify the father’s obligation. The following exchange took place:
“[THE REFEREE:] He is doing [what I told him to do], so I am not going to order that he pay her just because she happens to be in Florida.
“[COUNSEL:] Your Honor, what good is the insurance if the child can’t use it?
“[THE REFEREE:] I don’t have any idea. Let her move back to Alabama. That’s tough.”
The State requested a rehearing of the referee’s order, but the trial court denied a rehearing and ratified the referee’s order.
The State argues that the referee erred by failing to modify the father’s child-support obligation so as to remove his obligation to maintain health insurance for the child. Modification of a child-support order is a matter that rests within the sound discretion of the trial court; the court’s judgment on that matter will not be reversed absent an abuse of discretion or unless the judgment is plainly or palpably wrong. Bobo v. Bobo, 585 So.2d 54, 56 (Ala.Civ.App.1991). A child-support order may be modified on a showing of materially changed circumstances. Gautney v. Raymond, 709 So.2d 1279, 1281 (Ala.Civ.App.1998). Because child support is for the benefit of the minor child, see State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995), the best interest of the child is the controlling consideration in an action for the modification of child support. Gautney, 709 So.2d at 1281.
The State presented uncontradicted evidence indicating that the child is unable to use the father’s insurance in the State of Florida. The mother testified that she pays health insurance premiums so that the child can be covered by her insurance, which is accepted in Florida. The State *1276 asked only that the father no longer be ordered to pay for health insurance that does not benefit the child and that his child support be refigured based on the fact that after the requested modification he would no longer be entitled to a credit for insurance premiums. In light of the evidence indicating that the father’s insurance does not benefit the child, we see no logical basis for the trial court’s denial of the requested modification. An order requiring the father to pay for insurance that is of no use to the child is not in the best interest of the child. In fact, because the cost of the insurance is deducted from the father’s obligation, see Rule 32(B)(7), Ala. R. Jud. Admin., and because the mother must also expend money on health insurance, the amount of support available for the child is doubly reduced. Therefore, we reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.