MOORE, Judge,
concurring in part and dissenting in part.
I concur with the majority’s affirmance of the trial court’s judgment to the extent that it awarded primary physical custody of the children to the wife and divided the parties’ property. I respectfully dissent, however, as to the majority’s affirmance of the trial court’s judgment to the extent that it requires the husband to “maintain life insurance insuring his life and providing death benefits in an amount not less than $500,000.00 with the parties’ minor children being designated as the primary beneficiaries, for so long as child support is payable hereunder.”
“Generally, whether to require a parent to maintain a life insurance policy for the benefit of his [or her] minor children is within the sound discretion of the trial court.” Goetsch v. Goetsch, 990 So.2d 403, 412 (Ala.Civ.App.2008). As this court has previously held, the reason for “requiring supporting parents to maintain life insurance for the benefit of their children [is,] .... quite obviously, ... to insure that minor children will receive support in the event the supporting parent dies.” Jordan v. Jordan, 688 So.2d 839, 842 (Ala.Civ.App.1997). In the present case, as the husband correctly points out, the total amount of child support he will be required to pay under the divorce judgment is $60,720;[4] however, the divorce judgment requires the husband to maintain a life-insurance policy on his life in the amount of $500,000, an amount more than 8 times greater than the total amount of child support he is required to pay under the divorce judgment. Although interest would accrue on any child-support payments the husband might fail to make, it is highly improbable that any accrued interest would total $439,280. Further, although the main opinion asserts that the husband’s child-support obligation may be modified in a future action or that he may be required to pay postminority support, I conclude that to require the husband to secure an obligation resulting from a potential judgment in a future action that has not yet been filed is beyond speculative. Even if the trial court had considered that possibility, it would have exceeded its discretion in doing so. See Treusdell v. Treusdell, 671 So.2d 699, 701 (Ala.Civ.App.1995) (“[T]he matter of child support is discretionary, and in ruling on that matter, the court must consider the needs of the child and the parent’s present ability to meet those needs, without speculation regarding the future.” (emphasis added)); Tatum v. Carrell, 897 So.2d 313, 324 (Ala.Civ.App.2004) (“A judgment where there is no evidence, other than speculation, must be reversed.”); and Gazipura v. Gazipura, 652 So.2d 266, 268 (Ala.Civ.App.1994) (“The mere possibility that the husband may become unemployed in the future is speculative and should not be effective in deviating from the [child-support] guidelines.”).
Based on the foregoing, I conclude that such an extreme disparity between the husband’s actual child-support obligation and the amount of life insurance he is required to maintain in order to secure that obligation is an abuse of the trial court’s discretion. Accordingly, I would reverse the trial court’s judgment to the extent that it requires the husband to *553 maintain a $500,000 life-insurance policy on his life for the benefit of the children.
BRYAN, J., concurs.

. The husband’s child-support obligation commenced on December 1, 2009. The younger child will reach the age of majority on July 16, 2017. Thus, the husband will be required to make 92 monthly payments of $660, which total $60,720.