After approximately twenty years of marriage, the husband left his wife and three children, ages 14, 9 and 9 (twins), and filed for a divorce. After an ore tenus proceeding, the trial court divorced the parties and awarded custody of the three children to the wife. Further, the trial court ordered the husband to pay child support and divided the marital property. In a posttrial motion, the trial court specifically found that "the primary fault for the breakdown of the parties' marriage was attributable to the husband, and the division of property made in said final decree was made in consideration of such finding of fault." The husband appeals.
On appeal the husband contends that the trial court erred in its finding of fault, in the division of property, and in the amount of child support awarded. Further, he contends that the trial court erred in entering an immediate income withholding order.
At the outset we note that, when a trial court's judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches. Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). That judgment will be affirmed on appeal when it is supported by competent evidence, unless it is shown to be palpably wrong. Blankenship.
Furthermore, the issues concerning the division of property and child support are matters that are committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The property division is not required to be equal, but must only be equitable according to the nature of the particular circumstances in each case. Brannon.
It is the duty of the trial court, which receives conflicting evidence, to resolve the conflict and render a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App. 1982). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwithv. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
In view of the numerous cases concerning the abuse of discretion of the trial court, we perceive no precedential value in relating in detail all the facts of the present case. However, we do find that there was sufficient evidence of "fault" on the part of the husband. Without going into detail, we simply point out that, if believed, there was evidence that the husband's lifestyle was a primary factor in the breakdown of the marriage. In fact, the trial court specifically found such to be the case.
Furthermore, as concerns the division of property, it is well settled that the element of fault can be considered as a factor. Linden v. Linden, 516 So.2d 675 (Ala.Civ.App. 1987). Therefore, in view of the evidence of fault, we find no abuse of discretion in the division of the marital property.
As concerns the award of child support, the husband contends that the trial court ignored most of the wife's income from her family farm operation and, therefore, erred in its application of the child support guidelines.
From a review of the record, we note that the wife's income from the farm varies substantially from year to year. Further, there was testimony that the farm would lose money on its crop this year. Therefore, based on evidence before the trial court, we cannot say that it erred in its application of the child support guidelines in determining the amount of child support to be paid by the father.
The husband also argues that the trial court erred when it ordered an immediate income withholding order; however, he fails to cite to this court any authority for such contention.See Rule 28 A.R.App.P. However, we point out that the husband failed to pay the child support *Page 1116 
ordered by the trial court's pendente lite order and was in arrears more than thirty days at the time of the hearing. In any event, pursuant to Hermsmeier v. McCoy, 563 So.2d 1058
(Ala.Civ.App. 1990), we find that the trial court had the discretion to enter such an order.
The wife's request for an attorney's fee for representation on appeal is granted in the amount of $500.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.