646 So.2d 78 (1994)
GULF ELECTRIC COMPANY, INC.
v.
Giles Jefferson KELLEY.
AV92000464.
Court of Civil Appeals of Alabama.
March 25, 1994.
On Application for Rehearing June 24, 1994.
Certiorari Denied August 12, 1994.
*79 David A. Hamby, Jr. of Gillion, Brooks & Hamby, P.C., Mobile, for appellant.
William H. Reece of Gardner, Middlebrooks & Fleming, P.C., Mobile, for appellee.
Alabama Supreme Court 1931416.
YATES, Judge.
On August 12, 1992, Giles Jefferson Kelley sued Gulf Electric Company, Inc., for workers' compensation benefits pursuant to Ala. Code 1975, § 25-5-1 et seq. Following a trial, the court entered an order finding that Kelley was totally and permanently disabled and that he had suffered a compensable injury and was entitled to benefits. Gulf appeals.
At the time of trial, Kelley was a 55-year-old electrician with a high school education. His entire work history was in the industrial electrical field. In late January 1992, Kelley was struck in the head and shoulder by a falling pipe, which weighed 50 to 75 pounds. Although he experienced pain, he completed his shift. That afternoon, Kelley and his coworker notified their foreman of the accident. For several days after the accident, Kelley suffered pain and stiffness in his neck and shoulder; however, at the time, he did not seek medical attention. On May 25, 1992, while laying carpet in his home, Kelley experienced severe pain in his neck and shoulder. His condition worsened and he sought medical treatment four days later. Dr. Elmore Gray treated him with pain medication and massage. That afternoon, Kelley's neck became severely swollen and he was examined by Dr. Dayton Whites. X-rays revealed an "old injury" to the cervical area Kelley's spine. Kelley was subsequently referred to and examined by numerous physicians. Surgery was performed on June 10, 1992; in the surgery Kelley's C5-6 and C6-7 discs were removed and replaced with a metal plate and pins. Kelley later underwent a physical rehabilitation program.
Initially, we point out that the standard of review in a workers' compensation case is very narrow. It is limited to a two-pronged test. First, we look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, we next look to see if a reasonable view of that evidence supports the trial court's judgment. Ex Parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
We also must add that the standard of review for this case is not controlled by the Workers' Compensation Act, which became effective May 19, 1992. The injury occurred in January 1992, prior to the effective date of the new Act; therefore, the action proceeds pursuant to the prior law. See Henderson v. Johnson, 632 So.2d 488 (Ala.Civ.App.1993); see also U.S. Steel Mining Co. v. Riddle, 627 So.2d 455 (Ala.Civ.App. 1993).
Gulf first contends that it did not receive proper notice of Kelley's injury, as required by Ala.Code 1975, § 25-5-78, which provides:
"[A]n injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee's dependent shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article."
*80 This court has liberally construed the notice provision of § 25-5-78. If an employee orally puts his employer on notice that he has sustained an on-the-job injury, we have held that such notice, although not in writing, is sufficient, and substantially complies with the statutory mandate. See Ragland Brick Co. v. Campbell, 409 So.2d 443, 445 (Ala.Civ.App. 1982). Here, it is undisputed that Kelley notified his foreman on the day that he suffered the on-the-job injury.
Next, Gulf contends that Kelley failed to establish medical causation. We disagree. The trial court stated in its March 8, 1993, order:
"[Kelley] sits and stands constantly in a stooped-over, hunched shoulder position. [Kelley] is severely limited with regard to any physical activities and his physical appearance confirms this fact. [Kelley] is in constant pain, and according to the testimony of his doctors, will remain in pain for the remainder of his life. [Kelley] presented evidence through the depositions of his physicians that he is no longer capable of returning to his previous occupation or [of seeking] gainful employment in his previous occupation. This evidence was undisputed by [Gulf] and the court finds it to be credible and accepts it as true.
"....
"[Kelley's] medical condition, which first manifested itself on May 25, 1992, was caused in whole or in part by the blow to [Kelley's] head in late January 1992. The first X-rays of Mr. Kelley's neck following Memorial Day revealed that he had an `old injury' predating Memorial Day weekend. The operating surgeon stated that an injury from the blow in January to Mr. Kelley's neck could remain asymptomatic for a period of time before the onset of crippling pain. A second neurosurgeon stated that [Kelley's] present condition was entirely consistent with the blow to the head received by [Kelley].
"... [T]he finder of fact may ... find medical causation where the medical evidence, along with lay testimony, establishes that the incident in question caused or contributed to [Kelley's] present medical condition. See Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989).
"... [T]he clear preponderance of the evidence establishes that the plaintiff's present condition was contributed to, or caused by the blow to his head from the falling piece of conduit."
Finally, Gulf contends that the court applied the wrong standard with respect to Kelley's burden of proof that he sustained a compensable injury. Gulf argues that the amended Workers' Compensation Act, Ala. Code 1975, § 25-5-81(c), sets out a new standard for an employee's burden of proving in worker's compensation cases tried after August 1, 1992. Gulf argues that an employee is now required, rather than to present "any evidence," to make a showing by a "clear preponderance of the evidence." The trial court's order specifically refers to the required standard and we hold that the record supports the trial court's findings.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.

On Application for Rehearing
YATES, Judge.
Kelley's motion to dismiss Gulf Electric's application for rehearing is granted on the grounds that Gulf has filed in support of its application a brief identical to that filed on its original submission to this Court, in violation of Rule 40, Ala.R.App.P. See also Thomas v. State, 363 So.2d 1020 (Ala.Crim. App.1978).
APPLICATION DISMISSED.
ROBERTSON, P.J., and THIGPEN, J., concur.