L. CHARLES WRIGHT, Retired Appellate Judge.
M.A.M. and D.L.M. (petitioners) filed an action in the Juvenile Court of Blount County, alleging that the minor child who is the subject of these proceedings was dependent, *1211 based upon the fact that he had been abandoned by his mother, M.C.P. The petitioners requested that they be granted legal custody of the child. The mother opposed the petition, and a guardian ad litem was appointed to represent the child’s interests. Following oral proceedings, the trial court found that the child was not dependent and returned custody to the mother. The petitioners appeal.
The dispositive issue on appeal is whether the trial court erred in finding that the child was not dependent.
In 1998 the petitioners traveled to Texas on several occasions for the purpose of going into Mexico to seek information on private adoptions. In January 1994, during one of their visits to Texas, the petitioners met the child’s mother. The mother lived in Texas, but was a citizen of Mexico. She was related to the petitioners’ sister-in-law. A few days later, the petitioners and the mother made arrangements for the child to travel with the petitioners to their home in Alabama.
The understanding by the mother was that she would follow the petitioners in a few days and that the petitioners would secure work for her in Alabama. The mother testified that the petitioners took the child with them because it would make traveling easier for her. Prior to the petitioners’ departure, the mother signed a notarized permission for the child to travel with the petitioners to Birmingham, Alabama, and to reside with them “for some time.” The petitioners alleged that the document was preliminary to a future adoption. They further alleged that the mother agreed to the adoption. The mother denied that she ever offered the child for adoption.
The mother never made the trip to Alabama. She subsequently sought to have the child returned to her in Texas. Approximately five months after the child had been taken to Alabama, the mother enlisted the assistance of law enforcement authorities in Texas to obtain the return of the child. The petitioners alleged that the mother sought only a temporary return of the child so that she could escape welfare fraud proceedings. They insist that their refusal to temporarily return the child precipitated the mother’s efforts to have the child returned. After the contact with the authorities in Texas, the petitioners filed the dependency action in Alabama.
The petitioners assert that the mother’s voluntary abandonment of the child constituted grounds for a finding of dependency.
The evidence concerning the alleged abandonment is highly disputed. In such a situation it is the duty of the trial court to resolve the conflicting testimony. Beene v. Hester, 471 So.2d 422 (Ala.Civ.App.1985). The trial court apparently determined that the mother and child’s separation was based on a misunderstanding between the mother and the petitioners. After reviewing the evidence and considering the applicable standards, we cannot say that the trial court abused its discretion in finding that the child was not dependent. There was credible evidence presented to support its judgment. Jones v. Jones, 470 So.2d 1207 (Ala.1985).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.