L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married in 1967. One child was born of the marriage. The parties separated in August 1992. At that time the child was 17 years of age. The parties’ judgment of divorce was entered in February 1994. The wife was awarded a $10,000 property settlement and $5,000 for partial reimbursement for expenses that she incurred for the support of the child while the parties were separated and the action was pending. The husband appeals.
The husband asserts that the trial court erred in awarding the $10,000 property settlement to the wife and in ordering him to reimburse the wife $5,000 for child support.
The record reflects that the parties were married for 27 years. The wife filed for divorce because of the husband’s drinking and abuse. She testified that she is a nurse and earns approximately $33,000 per year. She and the child live in a mobile home, which is in need of major repairs. She submitted repair estimates ranging from $8,000 to $10,000. The husband submitted a $2,500 estimate.
The husband is a truck driver. In 1992 he earned approximately $72,000. In 1993 he earned approximately $66,000. His projected income for 1994 was $40,500 due to a decline in business. He testified that during the parties’ separation, he did not pay any support for the child, but he did give the child occasional spending money.
*676 The wife testified that during the separation she expended money for the child’s medical and dental insurance, his automobile insurance, and his life insurance. She paid for his room and board, his clothing, and his college expenses (she did not have to pay tuition because he was on scholarship). She testified that she did not receive any support from the husband.
The division of property, as well as the award of child support, are areas well within the sound discretion of the trial court. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ. App.1986). Its judgment regarding these matters will not be reversed absent a showing that it has abused its discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Furthermore, where, as here, the evidence was presented ore tenus, the judgment of the tidal court is presumed correct, and this court will not reverse that judgment unless it is plainly and palpably wrong. Lucero.
We find no discretionary abuse concerning the $10,000 property award. The parties were married for 27 years and had not accumulated much property. The wife and the child lived in a mobile home that needed considerable repairs. The wife testified that the repairs could cost $10,000. In view of the length of the marriage, the disparity in incomes, and the apparent fault of the husband in breaking up the marriage, we find no error.
We further find no discretionary abuse concerning the $5,000 reimbursement for child support.
The husband contends that the issue of retroactive child support was not raised in the pleadings. He insists, therefore, that it was error for the trial court to consider it. He further suggests that the trial court’s award was based on speculation and not on documented evidence.
The issue of retrospective child support was not specifically raised in the pleadings. However, there was considerable testimony concerning the issue at trial, and the wife did request, prior to the entry of the order, that the trial court consider the issue. The husband made no objection. The trial court did not err in considering the issue. The pleadings were amended to conform to the evidence by operation of Rule 15(b), Ala. R.Civ.P.
The husband’s assertion that the trial court’s award of retrospective child support was based on an arbitrary figure is without merit. The wife presented ample, specific evidence concerning the expenses that she had incurred while the parties were separated. Our own calculations show the figure to be close to $5,000. We find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.