660 So.2d 996 (1995)
John Thomas TERRY
v.
Martha S. McWhorter TERRY.
2940027.
Court of Civil Appeals of Alabama.
April 14, 1995.
On Application for Rehearing May 26, 1995.
*997 Beverly J. Howard, Montgomery, for appellant.
Floyd Minor and John Olszewski of Floyd Minor, Montgomery, for appellee.
THIGPEN, Judge.
This is a post-divorce case.
The parties divorced in August 1990, and this court has previously affirmed the trial court's divorce judgment, particularly regarding the matter of the father's support obligations. See Terry v. Terry, 581 So.2d 1114 (Ala.Civ.App.1991). The litigious nature of these parties is exhibited by the numerous post-divorce proceedings included in the record; however, only those matters pertinent to this appeal will be discussed.
In November 1991, the father again sought a modification to reduce his child support obligation of $1120 per month. He alleged that he had been unemployed since December 1990, and that he had not been able to find suitable employment. After other proceedings, delays, and temporary orders, the trial court received additional ore tenus evidence. It ultimately entered an order in June 1994, which, inter alia, reduced the father's child support obligation to comply with the guidelines of Rule 32, Ala.R.Jud.Admin., based upon his reemployment at a lower salary, and ordered the father to be responsible for one-half of the costs of his children's health insurance and of their orthodontic treatment. Additionally, the trial court relieved the father, effective June 1, 1994, of his obligation for the second mortgage payments, which had been ordered as additional family support. A judgment favoring the wife for an arrearage in that regard was ordered. The father appealed.
The father contends that the trial court erred in ordering him to pay one-half of the amount of the health insurance premiums and of the orthodontic costs for his children. He also contends that the trial court erred in relieving him of the second mortgage payments effective June 1, 1994, rather than November 1991, the date he filed this petition to modify, or in February 1992, when the trial court temporarily reduced his child support obligation of $1120 per month to $100 per week. He argues that he suffered a substantial and continuing material change in circumstances before June 1, 1994, and that his obligation for the second mortgage should have been modified earlier.
The divorce judgment, which is contained in the record, expressly states:
"[I]n accordance with the stipulation of the parties, the [father] shall continue to maintain medical and dental insurance covering the parties' minor children during their minority, and each party shall be liable for and shall pay one-half of all medical and *998 dental expenses not covered by said insurance. Dental expenses shall specifically be interpreted to include orthodontic treatment."
The record discloses that after the father failed to meet his obligation to provide insurance coverage for his children, the trial court ultimately ordered him to reimburse the wife for one-half of the costs she incurred when she purchased insurance for the children's benefit. The trial court also ordered the father to pay one-half of the costs of the orthodontic expenses for his children.
The father argues that his obligations regarding insurance and payment of one-half of the costs of medical and dental expenses not covered by insurance were suspended during his unemployment. In particular, he references an order of February 1992, which provided him partial relief by temporarily reducing his child support payments from $1120 monthly to $100 weekly, pending further orders. That order expressly states that "immediately upon employment, the [father] shall enroll the minor children as beneficiaries under any health insurance plan which is offered by said employer." The order is silent, however, regarding the father's duty to provide insurance and his obligation to pay one-half of the medical and dental expenses that were not covered by insurance during his interim of temporary unemployment. There is simply no indication in the record that the father was ever relieved of those obligations, temporarily or otherwise.
Although the record contains numerous pleadings and orders, our review of the record reveals nothing to modify the original order regarding the father's responsibility for insurance and one-half of the dental expenses not covered by insurance"specifically... orthodontic treatment." The father offers nothing to support his position that he has no obligation to pay for orthodontic treatment. On the contrary, the divorce judgment expressly refers to the parties' stipulation regarding the father's specific obligation and responsibility for orthodontic treatment. Nothing in the record indicates that those provisions of the divorce judgment have ever been modified, and the father offers nothing more than his argument to show otherwise.
A trial court has broad discretion in support modification proceedings, and its judgment in such a proceeding, when based on ore tenus evidence, is clothed with a presumption of correctness. Absent an abuse of discretion, the judgment will be affirmed. See Stewart v. Kelley, 587 So.2d 384 (Ala.Civ. App.1991); Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App.1990). See also, Kieltyka v. Kieltyka, 541 So.2d 29 (Ala.Civ.App.1989), and Waltman v. Waltman, 480 So.2d 594 (Ala.Civ.App.1985). Our review of the record discloses no abuse of discretion in the court's ordering the father to pay one-half of the costs of the insurance and unpaid medical and dental expenses of his children. It appears that the trial court was simply ordering the father to meet the obligations previously ordered. A trial court is without the authority to discharge an obligated parent from the payment of past-due support. Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). The father has failed to show error in this regard.
Next, the father contends that the trial court abused its discretion in modifying the provision regarding the second mortgage payments effective June 1, 1994, rather than November 1991 or February 1992. He argues that when he became unemployed in December 1990, he suffered a substantial and continuing material change in circumstances that warranted a modification.
The law is clear that the modification of a support order, even upon a showing of changed circumstances, remains a matter within the trial court's discretion. Thistlethwaite v. Thistlethwaite, 590 So.2d 317 (Ala. Civ.App.1991). Furthermore, a trial court's judgment based upon ore tenus evidence is presumed correct. Cadle Co. v. Friedman, 631 So.2d 962 (Ala.1994). The deference traditionally given to the trial court by the application of the ore tenus rule is due, in part, to the trial court's unique position to see or hear something that may not be readily apparent on the face of a written record. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, when a trial court bases its *999 judgment upon ore tenus evidence that is not contained in the record on appeal, that judgment comes to this court clothed with a conclusive presumption that the absent testimony supports the judgment. Rudolph v. Rudolph, 586 So.2d 929 (Ala.Civ.App.1991).
It is noteworthy now, as it was to this court in the first appeal, that this father has indicated an intention to avoid his financial responsibility to his children, even prior to the final divorce judgment. See Terry, 581 at 1115, where Presiding Judge Robertson, writing for this court, states: "[W]e point out that the [father] failed to pay the child support ordered by the trial court's pendente lite order and was in arrears more than thirty days at the time of the [divorce] hearing."
Within months after the divorce judgment, the father was unemployed. He immediately petitioned for a modification and obtained a court order temporarily suspending his monthly child support obligation. As noted by the trial court in its June 1994 order, on at least two occasions since the divorce, the trial court has considered the father's petitions for modification based on his unemployment in December 1990, and on each occasion, it has determined that the father's employment status was not a change in circumstances justifying modification.
The order of February 12, 1992, which was based upon ore tenus evidence that is not contained in the record on appeal, expressly ordered that the father's support obligation that is based upon payment of the second mortgage would continue to accrue. That order expressly found that the father's unemployment did not justify a modification. The order temporarily lowered his child support payments and expressly ordered that the cause was "deemed CLOSED, subject to the further review and reservation of jurisdiction herein and re-establishment on the active docket to further determine child support based on re-establishment of employment." Although the trial court held open the recalculation of child support pending the father's employment, it appears that the order effectively denied his petition to modify his support obligation based upon his employment status. The trial court's express reservation of jurisdiction permitting this case to be reestablished on the active docket was merely superfluous wording regarding its inherent jurisdiction during the minority of the parties' children. While it is unclear whether this order was a final, appealable order, the matter that was held open, i.e., the recalculation of child support based on the father's employment, was later resolved by an order in December 1992. There was no post-judgment motion or appeal filed after either of those orders.
As noted by the June 1994 order, the father was still involved in the bankruptcy proceedings in December 1992, when the trial court ratified the parties' agreement regarding child support, and therefore, at that time, the court did not address the father's arrearages or payment of the second mortgage. Furthermore, in spite of the litigious nature of this father, exhibited by his constantly attempting to escape his support obligations to his family, and his shrewd cognizance that his support obligation based upon payment of the second mortgage was continuing to accrue, the record contains nothing further regarding this obligation until the June 1994 order. That order relieved him of future responsibility and determined his arrearage for the second mortgage.
In August 1993, the wife petitioned for the matter to be restored to the active docket for a determination of her amended counterclaim, asking that the father be found in contempt, and asking for a determination of the various arrearages. The trial court's order of June 1994 was based upon the presentation of additional ore tenus evidence. The trial court's lengthy and comprehensive order detailed the history of this "arduous and protracted matter," and the trial court specifically addressed the father's support responsibility based upon payment of the second mortgage. Inter alia, that order relieved him of future responsibility for the second mortgage, based upon changed circumstances "regarding the ownership of the former marital home," and the court entered a judgment for the wife for the amount of the father's accrued arrearage on that support obligation.
The trial court's February 1992 order clearly articulated a deliberate grant to the father of only partial relief from his monthly support obligations to his family, based upon his limited expenses and his ability "to obtain *1000 at least part-time employment, at minimum wage, pending permanent employment and after unemployment benefits cease." In June 1994, when the trial court relieved the father of only future support based upon the second mortgage, it did so by expressly finding a change in circumstances relating to the ownership of the house, not relating to the father's employment status. To relieve the father of this support obligation, effective in February 1992, as he asks for, rather than June 1, 1994, would effectively negate an order that was based upon ore tenus evidence that is not contained in the record, which deliberately granted the father only partial relief, and which expressly continued his liability regarding the second mortgage.
Before modifying the father's support obligation effective June 1, 1994, the trial court found that the father's liability on that obligation continued to accrue from the date of the divorce, and that the wife was entitled to a judgment for the arrearage on such. The record contains ample evidence supporting that finding and is devoid of evidence indicating any intention to modify that provision earlier. The father has shown no abuse of discretion by the trial court in relieving him of his obligation to pay the second mortgage beginning in June 1994.
The wife's request for an attorney fee on appeal is granted in the amount of $1000.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.

On Application for Rehearing
THIGPEN, Judge.
The appellee's motion to dismiss the application for rehearing is granted. A.N.C. v. F.Y., 646 So.2d 87 (Ala.Civ.App.1995), and Gulf Electric Co. v. Kelley, 646 So.2d 78 (Ala.Civ.App.1995).
APPLICATION FOR REHEARING DISMISSED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.