Following oral proceedings, the Circuit Court of Mobile County entered a final judgment of divorce, awarding the wife $21,000 in cash. The husband was awarded all other assets of the marriage. The wife appeals and asserts that the trial court erred in its division of the marital property.
The record reflects that the parties were married in January 1987. It was the second marriage for both. In the early part of 1991, the parties were divorced by a Florida court. They remarried in November 1991.
In 1992, following an assault by the husband, the wife again filed for divorce. The parties reconciled. As part of the reconciliation, the wife testified that she required the husband to attend counseling, to restore certain family relationships, and to put all the marital assets in their joint names. Most of the assets were placed in the joint names of the parties at this time. One such piece of property was a condominium located in Tampa, Florida. The wife had received the property in the initial divorce. Following the reconciliation, the property was sold to a third party. At the time of trial, the parties were collecting a note on that piece of property *Page 516 
for $30,000. They were also collecting notes on two other properties. Those notes were valued at $30,000 and $43,000. The parties bought a house on Dauphin Island for $75,000 in cash.
The wife is 35 years old. She did not finish her last year of college. Since the parties second marriage in November 1991, the wife has earned approximately $2,600. She did not work outside the home at all in 1993. She managed the financial affairs of the parties and performed the duties of a housewife. She testified that she was in perfect health. At the time of the hearing, she was taking lithium for depression. She admitted to having a problem with prescription drug and alcohol abuse. The extent of the problem, however, was disputed by the parties.
The husband is 51 years old and in good health. In the mid-1980s, he sold his import car business. At that time he had approximately $580,000 in cash. The parties lived off the investment income generated from that cash. The husband has not held a regular job since selling his business. He testified that when the parties remarried in 1991, the marital estate was worth approximately $260,000. He further testified that he had approximately $37,000 in a security fund.
The wife left the husband in the summer of 1994. At that time she closed out a Merrill Lynch account worth approximately $24,000. The husband had previously transferred that account to the wife. At the time of the hearing, she had $21,000 remaining.
The trial court awarded the wife the remaining $21,000. The husband was awarded all other marital assets.
The wife asserts that the division of property was inequitable and therefore an abuse of the trial court's discretion.
In a divorce proceeding, when a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985). The division of property is within the sound discretion of the trial court, and its judgment will not be reversed except for a palpable abuse of that discretion.Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Prestwood v. Prestwood, 523 So.2d 1071
(Ala.Civ.App. 1988). Factors to be considered in the division of property are the future prospects of the parties; their ages, health, and station in life; the length of the marriage; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986).
The parties were married for approximately 8 years. During that period they lived a charmed life, living off the income of the husband's investments. The wife did not hold a consistent job during the marriage. She testified that the only employment she would be suited for now would be that of a waitress. The trial court did not award the wife alimony or reserve the right to do so in the future. All that the wife received was $21,000 in cash, which was hers prior to the divorce.
Based on the evidence, we find the division of the marital estate, which was jointly owned, to be inequitable. The portion of the judgment dividing the marital estate is reversed and the cause is remanded for the trial court to enter a more equitable order. We suggest that equity requires that the wife be awarded, at least, the $30,000 mortgage note on the property owned by the parties in Tampa, Florida, in addition to the $21,000 in cash.
The wife's request for an attorney fee is granted in the amount of $500. The husband's request for attorney fees is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 517