I would affirm the trial court's judgment; therefore, I must dissent to that portion of the majority opinion concerning the issue of child support.
While it may appear at first blush that the child support obligation seems excessive, I am mindful of the longstanding discretion given to the trial court in these matters and the presumption of correctness that attaches to its judgments which are based upon ore tenus evidence. See, for example, B.R.L. v.State ex rel. K.H.S., 664 So.2d 908 (Ala.Civ.App. 1995). In part, the deference given to the trial court is due to its unique position to see and hear something not readily apparent on the face of the written record. Terry v. Terry,660 So.2d 996 (Ala.Civ.App. 1995).
This record contains six volumes of evidence, including over 500 pages of testimony. My review discloses that the trial court's award of $2,000 per month for the support and maintenance of this minor child was not plainly or palpably wrong. B.R.L., 664 So.2d 908. Accordingly, I must respectfully dissent.