L. CHARLES WRIGHT, Retired Appellate Judge.
Johnny Ray Baker filed a complaint in the Fayette County Circuit Court, seeking a divorce from Donna Jo Dunn Baker. The wife answered and counter-petitioned for a divorce, seeking custody of the parties’ minor son, child support, post-minority educational support, the parties’ real property, alimony, an attorney fee, and court costs. Following oral proceedings, the trial court entered a judgment, awarding the wife custody of the minor son, the marital home, and a $14,000 “CMA account.” The husband was awarded, among other things, certain visitation rights, his 401 (k) retirement plan, a life insurance policy, and his boat. The trial court specifically found that the husband’s stock in Ox Bodies, Inc., had been a gift to him and that the husband had not used the stock for the common benefit of the marriage. The trial court ordered the husband to pay the wife $716 per month child support and $500 per month rehabilitative alimony, for a period of 30 months. It also ordered the husband to maintain a $250,000 life insurance policy designating the minor child as the beneficiary.
The wife appeals, contending that the Ox Bodies, Inc., stock was received as part of the husband’s compensation and that the trial court erred in finding that the stock was a gift to the husband and, therefore, not subject to division.
The division of property is within the sound discretion of the trial court, and its judgment will not be reversed except for a palpable abuse of that discretion. Irwin v. Irwin, 666 So.2d 515 (Ala.Civ.App.1995). Each case must be decided on its own facts and circumstances. The division of property *444 does not have to be equal, only equitable. Irwin. Furthermore, where, as here, the evidence was presented ore tenus, the judgment of the trial court is presumed correct, and this court will not reverse that judgment unless it is plainly and palpably wrong. Bailey v. Bailey, 659 So.2d 675 (Ala.Civ.App. 1995).
The record reveals that the testimony regarding the husband’s acquisition of the Ox Bodies, Inc., stock is conflicting. Ox Bodies, Inc., is a closely-held private corporation. The husband’s stepfather incorporated Ox Bodies, Inc., and the husband, his stepfather, his mother, and his stepbrother are stockholders and officers of the corporation. The wife testified that when the husband went to work for Ox Bodies, Inc., in 1994, he received 10% of the total shares of stock in the corporation. Both the husband and the stepfather testified that the stock was a gift to the husband from the stepfather. The stepfather specifically testified that his attorney and his accountant advised him as part of his estate planning to give his son and his stepson stock in the corporation during his lifetime. It is the duty of the trial court to resolve conflicting testimony. M.A.M. v. M.C.P., 656 So.2d 1210 (Ala.Civ.App.1995).
The wife also contends that husband’s annual bonus is really stock dividends. The record reveals that the husband received a $30,000 bonus in 1994 and in 1995. The stepfather testified that, because the husband earned $60,000 per year before he joined the corporation, and because his salary is $30,000 per year, the husband receives an annual bonus based on the profits of the corporation. The stepfather also testified that various state and federal taxes are deducted from the husband’s annual bonuses.
Based upon our review of the record, we conclude that the trial court’s finding, that the Ox Bodies, Inc., stock was a gift, was not a palpable abuse of discretion. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.