695 So.2d 1 (1996)
Mildred Jean BREWER
v.
Billy Joe BREWER.
2950431.
Court of Civil Appeals of Alabama.
September 6, 1996.
Certiorari Quashed April 18, 1997.
*2 William K. Bell and Dinah P. Rhodes of Lammons, Bell & Rhodes, Huntsville, for appellant.
J. Zach Higgs, Jr., of Higgs & Emerson, Huntsville, for appellee.
Alabama Supreme Court 1952111.

On Application For Rehearing
MONROE, Judge.
This court's original opinion, which was released on July 12, 1996, is withdrawn, and the following is substituted therefor.
The wife appeals from a divorce judgment awarding alimony and dividing property.
Mildred Jean Brewer and Billy Joe Brewer were married in August 1980. It was her first marriage and his second marriage, and the record reveals that their relationship had contributed to the break-up of his first marriage. In September 1994, the wife sued the husband for a divorce, alleging that the husband had committed adultery. The husband counterclaimed, but did not allege that the wife was at fault; he only claimed that they were no longer compatible.
It is undisputed that the husband drank approximately a fifth of whiskey every day for six to seven years of the couple's marriage. However, the husband claims that he has remained sober since 1991. The record reveals that, after he gave up drinking, the husband began seeing another woman, and that he left the wife after she confronted him about the relationship.
The husband earns $3,169.58 per month from his job at Dunlop Tire and Rubber Corporation. The wife earns about $610 per month from her job cleaning houses. The husband completed high school, but the wife quit school when she was 18 years old, without graduating. These parties have no children together. The wife testified that she got "fixed" because, she said, the husband did not want children.
After ore tenus proceedings, the trial court entered a judgment in August 1995 granting the wife a divorce on the ground of the husband's adultery. The trial court awarded the wife periodic alimony of $438.59 per month for a period of 36 months, or until the wife dies, remarries, or cohabits with a member of the opposite sex. The trial court also divided the couple's property. The trial court ordered that the real property owned by the couple be sold and awarded the wife 55% and the husband 45% of the proceeds of the sale. The trial court awarded the husband his entire retirement account, valued at more than $47,000; awarded the wife the majority of the household furnishings; and divided the remainder of the couple's property essentially equally. The wife appeals.
The wife contends that the trial court, in determining the length of time the husband should pay alimony and in dividing the marital estate and determining the amount of attorney fees to be awarded to her, erred in considering the fact that she began having sexual relations with the husband during his first marriage. She also contends that the trial court erred in using the Child Support Guidelines found in Rule 32, Ala.R.Jud.Admin., to compute the amount of alimony. We agree.
In its order, the trial court stated,
"In computing the length of time the husband should pay alimony, this Court has taken into account the fact that the plaintiff began having sexual relations with the defendant during his first marriage, and that such adultery was the factor which precipitated defendant's first divorce. The amount of periodic alimony was computed by applying Rule 32, Alabama Rules of Judicial Administration, and counting the wife as one child."
The court noted that it considered the same factors in determining the attorney fee to be awarded to the wife.
At the outset, we note that a trial court's judgment based on ore tenus evidence is presumed correct. Additionally, the division of property and the award of alimony in divorce cases are matters within the sound discretion of the trial court. Slater v. Slater, 587 So.2d 376 (Ala.Civ.App.1991).
*3 "[I]t is well settled that a trial court has no rigid standards on which to base the determination of alimony and the division of property, but is free to consider the facts and circumstances unique to each individual case in fashioning an award." Id. at 377. The division of property in a divorce case does not have to be equal, only equitable. Irwin v. Irwin, 666 So.2d 515 (Ala.Civ.App.1995). Factors to be considered by the trial court in determining an award of alimony and the division of property in a divorce case are the future prospects of the parties; their ages, health, and station in life; the length of the marriage; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Slater, supra; and Irwin, supra. See also Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991). Factors to be considered in determining an award of an attorney fee include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney. Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ.App.1993).
The record reveals that these parties' divorce was granted on the ground of the husband's misconduct. Additionally, the husband was guilty of the same conduct as the wife before the marriage. In fact, the record reveals that he has now committed adultery against two wives. It was an abuse of discretion for the trial court to reward the husband, who was guilty of deplorable conduct both before and after the marriage, by reducing his alimony payments and increasing the amount of property awarded to him, by holding the wife solely responsible for the conduct of both parties before the marriage. The conduct of a party before the marriage is not "conduct of the parties with reference to the cause of the divorce" and is not a proper factor to be considered in determining an award of alimony and the division of property. See, e.g., Irwin, Slater, and Seamon, supra. Nor is it a proper factor to be considered in determining the award of an attorney fee. See Figures, supra.
The trial court also erred in using the Child Support Guidelines established in Rule 32, Ala.R.Jud.Admin., in computing the amount of alimony to award to the wife. Although there is no rigid standard on which to base a determination of alimony, the trial court should use the factors set out above in fashioning an award. The Child Support Guidelines were established to provide adequate support for children, subject to the ability of their parents to pay, and are intended to be used in determining the amount of child support each parent is required to pay. See Comment, Rule 32, Ala.R.Jud.Admin. These guidelines are to be used in any action to establish or modify child support. Rule 32, Ala.R.Jud.Admin. These parties had no children, and this case did not involve child support. It was improper for the trial court to use the Child Support Guidelines to determine the amount of alimony the husband was required to pay. Instead, the trial court should have used the factors set out above.
The wife also contends that the division of property, by which the husband is to receive a full interest in his retirement account and the wife is required to make mortgage payments on the parties' home until it is sold, is not equitable. However, because we have already held that the trial court erred in considering the wife's conduct before the marriage in determining the division of property, and because that holding requires a reversal, we need not address this issue.
The judgment is reversed and this case is remanded. The trial court is to set alimony, divide the property, and award an attorney's fee without considering the conduct of the wife before these parties married, and without considering the Child Support Guidelines, but by using the factors established by our case law for determining proper awards of alimony and property.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION IS DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.
THIGPEN, J., concurs in part and dissents in part.
*4 THIGPEN, Judge, concurring in part and dissenting in part.
The original released opinion erroneously indicated that I recused, when, in fact, I was not sitting. After consideration of the substituted opinion, I concur that the issue pertaining to the award of alimony should be reversed and remanded to the trial court; however, I must dissent to that portion of the judgment which reverses and remands the issue regarding the property division.
Matters of property division and alimony are left to the sound discretion of the trial court, which saw and heard the witnesses firsthand, and its judgment regarding these issues will not be disturbed absent an abuse of discretion. Lentz v. Lentz, 660 So.2d 1012 (Ala.Civ.App.1995). The deference given to the trial court in these situations is due to its unique position to see or hear something not readily apparent on the face of the written record. Terry v. Terry, 660 So.2d 996 (Ala. Civ.App.1995). My review of the record discloses no abuse of discretion in the determination of the property division. Moreover, I am unwilling to state, as a matter of law, that a trial court may not ever consider a party's conduct prior to a marriage in its determinations regarding the division of property or alimony award. Because I would affirm that portion of the judgment, I must respectfully dissent.