I concur with the majority opinion on all issues except the reversal of the trial court's award of an attorney fee to the wife. At the close of the trial, the court heard arguments from the parties on the issue of an attorney fee, including arguments about whether all of the pretrial motions were necessary. In awarding the attorney fee, the trial court specifically stated that the fee included any amounts for discovery sanctions requested by the wife. The award of an attorney fee is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Brasfield v. Brasfield, 679 So.2d 1091 (Ala.Civ.App. 1996). In determining whether to award an attorney fee, the trial court should consider the earning capacity of the parties, their financial circumstances, and the results of the litigation. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). The trial court may also apply, "where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney." Brewer v. Brewer, 695 So.2d 1, 3
(Ala.Civ.App. 1996) (citing Figures v. Figures, 624 So.2d 188,191 (Ala.Civ.App. 1993)) (emphasis added). I cannot say that the trial court erred in awarding the attorney fee. Therefore, I must respectfully dissent.
Crawley, J., concurs. *Page 339