Hilbert C. Hall ("the husband") appeals from a judgment divorcing him from Tammy M. Hall ("the wife"), dividing the marital assets and debts, and awarding the wife $500 per month in periodic alimony. The husband raises six issues on appeal. We affirm in part, reverse in part, and remand with instructions.
The parties were married in 1986. They separated in 1998 and were divorced in 2003. They had one child, a son who was 17 years old and self-supporting at the time of trial. When the case was tried, the husband was 37 years old and the wife was 35 years old. During their five-year separation, each of the parties lived with a paramour, and each admitted having committed adultery. At the time of trial, the wife was living in a mobile home situated on a parcel of real estate that the parties had purchased during the marriage from the wife's parents for $3,000. The wife pays $249.04 per month for the mobile home; she testified that the mobile home will be paid for in nine more years. The husband was living in a log cabin that he had built on land owned by his mother.
The wife was not employed outside the home during the marriage. She testified that her sole source of income was $540 per month in Social Security disability benefits, which she had been receiving since 1991 or 1992, as a consequence of three medical conditions: deep vein thrombosis, irregular heart rhythm, and "nerve problems." She testified that, in addition to her disability benefits, she needed $1,000 per month for living expenses.
The wife testified that the husband drank alcohol to excess and physically abused her during the marriage. The husband denied physically abusing the wife, but he conceded that he had undergone counseling for domestic violence. The wife admitted that she and her former boyfriend had been arrested at the wife's residence on March 29, 2001, and that they had been charged with possession of controlled substances and possession of drug paraphernalia. She stated that the criminal charges had been pending for two years. She testified that she and her former boyfriend no longer have a relationship and that they had not seen each other for over a year.
During the marriage, the husband made his living in the logging business. The wife testified that the husband employed a man in his business and that the husband used two logging trucks, a skidder, and a service truck in his business. She said that before their separation the husband earned between $5,000 and $6,000 per week, that he routinely kept $3,000 in cash for himself, and that he gave her $7,000 to $10,000 per month to deposit in their joint checking account. The wife also testified that the husband did not keep records and did not pay taxes on the income he earned from the logging business.
The evidence concerning the husband's income since the parties' separation was in conflict. The husband testified that, since 1998, he had been unable to earn much because of a decline in the logging industry and because of problems with his back. He testified that he had had no income in the year before trial and that he had been supported by his girlfriend, with whom he was living. The trial court admitted into evidence the following letter from Dr. Jeffrey D. Wade, an orthopedic specialist:
 "[The husband] is a patient currently under my care, who has been diagnosed with degenerative disc disease and sciatica. He has undergone a barrage of conservative treatment options without a great deal of improvement in his symptoms. *Page 302 
These have included epidural steroid injections, nerve blocks, physical therapy, and anti-inflammatory medication.
 "It is my opinion that he has essentially exhausted all conservative treatment options at this point and may in the future require a laminectomy and possibly an instrumented fusion in the future to try to alleviate his chronic pain. This would involve doing a wide based laminectomy at the 4-5 level to decompress the nerve roots with a possible addition of a fusion at that level if there is any instability."
The wife testified that the husband had hurt his back soon after they were married and that he periodically went to the doctor for pain shots, but she said that the husband's back injury had never prevented him from working. The wife and her father both testified that they had seen the husband cutting timber two weeks before the trial of this case. The husband testified that, a year before trial, a tornado had destroyed one of his two logging trucks and that he gave the other logging truck to his son. He stated that, although he had purchased another logging truck, he was not using it.
 I.
The husband argues that the trial court abused its discretion by failing to hold the wife in contempt for violating a pendente lite order. On September 2, 1999, the trial court entered an order giving the wife the possession and use of the parties' 1984 Chevrolet Camaro Z28 automobile pending trial and ordering the wife not to sell, transfer, or encumber the vehicle. It is undisputed that, in March 2000, the wife sold the vehicle for $1,000 and failed to deliver any of the proceeds of the sale to the husband.
The wife testified that, before she sold the vehicle, she informed the husband that the car was not working; according to the wife, the husband agreed that she could sell the car and buy another vehicle. The husband denied any such agreement. The trial court was entitled to credit the wife's testimony and to discredit the husband's testimony. Moreover, although another pendente lite order enjoined both parties from concealing or dissipating any of the parties' assets, the husband admitted that he had removed $7,000 from the parties' joint checking account at the time the parties separated.
Because both parties could have been held in contempt, the trial court did not abuse its discretion by declining to hold the wife in contempt.
 "It is for the court to decide whether breaches by one party should excuse performance by the other, or whether the court should exercise its contempt powers against either or both. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App. 1981).
 "Based upon the record, it is clear that each of the parties has `failed to fully comply with the spirit and letter of the divorce decree.' Broadnax v. Broadnax, 558 So.2d 929, 930 (Ala.Civ.App. 1989). A contempt finding relating to either one of them would have been warranted. However, we cannot say that the trial court abused its discretion in declining to hold the wife in contempt."
King v. King, 636 So.2d 1249, 1252 (Ala.Civ.App. 1994).
 II.
The husband argues that the trial court's division of marital property was inequitable, particularly in light of what, he says, was misconduct on the part of the wife — namely, her adultery and her arrest for a controlled-substances offense. He *Page 303 
also argues that he does not have the ability to pay the wife $500 per month in periodic alimony, and, therefore, he argues, that the alimony award was an abuse of the trial court's discretion.
The wife was awarded the parcel of real estate that the parties had purchased from the wife's parents for $3,000. The wife testified that the property was worth $3,000, and the husband testified that it was worth $5,000. The wife had been living in a mobile home on the property during the parties' five-year separation. The wife was also awarded the automobile in her possession, a 1990 Nissan Maxima valued at $500. The husband was awarded the vehicles in his possession. Each party was awarded the other items of personal property — furniture, appliances, equipment and machinery — in his or her possession. The husband was awarded "all proceeds remaining in the joint bank account of the parties." The husband testified that he had closed out the joint bank account when the parties separated; at that time, he said, the account had $7,000 in it.
Matters of alimony and property division are interrelated, and a reviewing court must consider the entire judgment in determining whether the trial court abused its discretion on either issue. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App. 1995). A trial court is free to consider the facts and circumstances unique to each individual case in fashioning a division of marital property and an award of periodic alimony.Brewer v. Brewer, 695 So.2d 1 (Ala.Civ.App. 1996). The only limitation on a trial court's broad discretion in dividing the marital estate is that the property division and alimony award must be equitable under the circumstances of the particular case; the task of determining what is equitable falls to the trial court. Cantrell v. Cantrell, 773 So.2d 487 (Ala.Civ.App. 2000). A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. See Parrish v. Parrish, 617 So.2d 1036, 1038
(Ala.Civ.App. 1993). "This presumption of correctness is based on the trial court's being in the unique position of being able to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986)."Walls v. Walls, 860 So.2d 352, 357 (Ala.Civ.App. 2003).
 "Each case is decided on its own peculiar facts and circumstances. Criteria which should be considered by the trial court when awarding alimony and dividing property include the length of the parties' marriage, their ages, health, station in life, and future prospects; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce."
Currie v. Currie, 550 So.2d 423, 425 (Ala.Civ.App. 1989).
Initially, we note that it was undisputed that both parties had committed adultery. There was also evidence indicating that the husband was guilty of other misconduct — domestic abuse and excessive consumption of alcohol — evidence that, if believed by the trial court, may have counterbalanced the evidence of misconduct by the wife. We conclude that the trial court's division of the marital assets was equitable.
The parties are essentially the same age. The Social Security Administration has determined that the wife is disabled; the wife's disability benefits are her only source of income. The husband claims that his back problem prevents him from working, but the evidence on that point *Page 304 
was disputed and the trial court may have found the husband's testimony less than credible. The two major marital assets were the real estate awarded to the wife, valued between $3,000 and $5,000, and the parties' joint checking account, valued at $7,000. The wife received the real property and the husband received the proceeds of the checking account. We are unable to determine from the record the value of the vehicles and other personal property awarded to the husband, but it appears that their value was equivalent to the value of the vehicle and other personal property awarded to the wife, even considering the $1,000 the wife received from the sale of the Camaro in 2000.
Furthermore, we cannot say that the award of periodic alimony to the wife was plainly erroneous or was an abuse of discretion. The trial court had evidence before it from which it could have determined that, notwithstanding the husband's testimony to the contrary, the husband was capable of and was, in fact, earning an income from the logging business.
 III.
The husband contends that the trial court erred by disallowing the admission into evidence of a document that enumerated the controlled substances and drug paraphernalia seized when the wife and her former boyfriend were arrested. The trial court refused to admit the document, stating that the wife claimed "she doesn't know anything about it," it had "been two years," and the wife "had not been convicted." We find no error.
It is well-settled that "the trial judge can consider the conduct of the parties during the marriage when awarding alimony and dividing the marital property." Coleman v. Coleman,566 So.2d 482, 485 (Ala. 1990). See also § 30-2-52, Ala. Code 1975.See generally Charles W. Gamble, McElroy's Alabama Evidence § 32.04 (5th ed. 1996). Even if the fact of the wife's arrest for controlled-substance offenses was admissible pursuant to Rule 405(b), Ala. R. Evid. (allowing evidence relating to "specific instances of [a] person's conduct"), the trial judge had the discretion to limit evidence that was "becoming repetitive and cumulative" when the relevant facts had been "sufficiently established," see Case v. Case, 627 So.2d 980, 984
(Ala.Civ.App. 1993).
 IV.
The husband contends that Paragraph 7 of the divorce judgment, entitled "Vehicles," is unsupported by the evidence and due to be reversed. Paragraph 7 provides:
 "7. VEHICLES — The Wife/Defendant is awarded the 1998 Ford 150 and the 1997 Nissan Sentra that she is in possession of or that is titled in her name. The husband/plaintiff is divested of all right, title, and interest in said vehicle(s). The husband/plaintiff is awarded the 1996 Mazda Truck, the 1986 Ford Ranger Truck, the 1997 Chevy Silverado, and the 1985 Ford Mustang presently in his possession or that is titled in his name. The Wife/Defendant is divested of all right, title, and interest in said vehicles."
The husband is correct that the vehicles enumerated in Paragraph 7 do not correspond to the vehicles about which the parties testified at trial. On appeal, the wife's attorney candidly admits that the vehicles listed in Paragraph 7 "should not be there," because they "were once part of another divorce [judgment], and by mistake . . . were left in the instant [judgment] and not caught by the undersigned attorney."
Paragraph 7 of the judgment is, therefore, reversed, and the cause is remanded *Page 305 
to the trial court with instructions to correct the judgment pursuant to Rule 60(a), Ala. R. Civ. P.
 V.
The husband also correctly maintains that Paragraphs 5 and 6 of the judgment, relating to real property, are inconsistent. We agree. The relevant portions of those paragraphs provide:
 "5. REAL PROPERTY — The Defendant, Tammy Hall, is hereby awarded all right, title and interest in the real-estate that the Parties acquired from the Defendant's Parents and the Plaintiff shall sign a quitclaim deed transferring all of his interest in said property to the Defendant within 30 days of the date of this decree.
 "6. PERSONAL PROPERTY — The Plaintiff is awarded all items of personal property in his possession including but not limited to furniture, appliances, vehicles, equipment and machinery. The Defendant is awarded all items of title and interest in real estate and shall sign a quitclaim deed to allow the Husband to have clear title to said real estate."
(Emphasis added.) Because both parties concede that the trial court intended to award the real estate to the wife, the trial court is instructed on remand to remove the language in paragraph 6 that is inconsistent with the award in paragraph 5.
 VI.
Last, the husband contends that the trial court erred by denying his motion to alter, amend, or vacate the judgment without a hearing. Rule 59(g), Ala. R. Civ. P., provides that a such a postjudgment motion "shall not be ruled upon until the parties have had opportunity to be heard thereon."
The denial of a postjudgment motion without a hearing is reversible error, however, only if the failure to grant a hearing probably injuriously affected substantial rights of the parties, i.e., if the motion is meritorious. See Kitchens v. Maye,623 So.2d 1082 (Ala. 1993). The husband has raised on appeal the same issues he raised in his postjudgment motion, and we have determined that four of the six issues are not meritorious. As to the remaining two issues, we have reversed the applicable portions of the judgment of the trial court, and we have remanded the cause with instructions to clarify or amend the judgment. Therefore, we need not further address the husband's arguments concerning the denial of his postjudgment motion.
 VII.
The circuit court's judgment is affirmed in part, reversed in part, and remanded with instructions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.